[No. 11298.   In Bank. — February 24, 1886.]

## THE PEOPLE, APPELLANT, *v.* THE NORTH PACIFIC COAST RAILROAD COMPANY, RESPONDENT.

68   551
105   595

68   551
148   258

TAXATION — RAILROAD OPERATED IN SEVERAL COUNTIES — DELINQUENT TAXES — INTEREST. — In an action to recover delinquent taxes, brought under section 3670 of the Political Code against a railroad company operated in more than one county, a judgment in favor of the plaintiff should not include interest on the taxes at the rate of two per cent per month from the time of the delinquency.   Section 3803 of the Political Code, providing for the recovery of such interest, only applies to the taxes mentioned in the sections immediately preceding it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. T. Baggett,* and *James A. Waymire,* for Appellant.

*W. H. L. Barnes,* for Respondent.

BELCHER, C. C.—This is an action to recover taxes assessed for the year 1883, upon the defendant's railroad, situated in Marin and Sonoma counties. The action was commenced under the provisions of section 3670 of the Political Code, and in the court below judgment was entered in favor of the plaintiff for the full amount claimed for taxes, with five per cent added for non-payment, and ten per cent for counsel fees and for costs. The appeal is by the plaintiff, and the only question presented for decision is: Was the plaintiff also entitled to recover interest on the taxes at the rate of two per cent per month from the time they became delinquent?

The question is answered by the Political Code.

In 1883 an act was passed by the legislature amending sections 3664 and 3665 of that code, and adding thereto other sections numbered consecutively up to 3671. (Statutes and Amendments to Codes 1883, p. 65.) By these sections full provision is made for the assessment of all railroads operated in more than one county in this state, and the collection of the taxes levied upon such assessments.

The assessment is to be made by the state board of equalization in the month of August, and within ten days after the third Monday of that month the board is to apportion the total assessments to the counties or cities and counties in which the roads are located. The board must prepare each year a book to be called "Record of Assessment of Railways," in which must be entered each assessment made by the board, and another book, to be called "Record of Apportionment of Railway Assessments," in which must be entered, among other things, the total assessment and the amount of the apportionment of such assessment to each county and city and county. Duplicates of these two books are to be made and transmitted to the controller of state, and they "constitute the warrant for the controller to collect the state and county and city and county taxes levied upon such property assessed by the board."

Within ten days after the fourth Monday in October, the controller is required to publish a notice that he has received the "duplicates," and that the taxes are payable and will be delinquent on the last Monday of December, at six o'clock P. M., and that unless paid to the state treasurer, at the capitol, prior thereto, five per cent will be added to the amount thereof. All taxes not paid before the time named are delinquent, and thereafter there must be collected by the state treasurer, or other proper officer, an addition of five per centum.

After the first Monday of February of each year the controller is required to commence an action in the proper court, in the name of the people of the state, to collect the delinquent taxes, and the form of the complaint to be used by him is prescribed.

In the complaint, it is alleged that the defendant is indebted to the plaintiff for state and county taxes in certain sums, "with five per cent added for non-payment," and judgment is asked for the several sums named.

If in such action plaintiff recovers judgment, there must be included in the judgment as counsel fees such sum as the court may determine to be reasonable and just.

In all of these provisions, as is seen, nothing is said about interest, and it is not claimed for appellant that they authorize the collection of interest. But it is urged that under section 3803 of the same code, interest at the rate of two per cent per month on certain delinquent taxes may be collected, and that that section should be construed to apply to taxes such as are sued for in this action.

We are satisfied that the section cannot be so construed. It refers only to the delinquent taxes mentioned in the sections immediately preceding it, and has no application to other taxes than those so mentioned. (*Harper* v. *Rowe,* 53 Cal. 236; *Lake County* v. *Sulphur Bank Q. M. Co.,* 66 Cal. 17.)

If it had been intended that interest should be collected

on all taxes which the controller might sue for and recover, the complaint, formulated by the legislature for their collection, would, in our opinion, have demanded judgment for that interest, as well as for the "five per cent for non-payment."

The judgment should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.