HANCOCK et al. v. CITY OF MUSKOGEE et al.

No. 8315—Opinion Filed July 24, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 445.)

1. Municipal Corporations—Sewer Improvement—Jurisdiction of Municipal Authorities—Statute.

Under chapter 15, art. 16, Comp. Laws 1909, the passage and publication of the or-

dinance of necessity, pursuant to section 989 of said act, confers jurisdiction upon the municipal authorities of cities having a population of not less than 1,000 persons to establish a sewer district and construct a district sewer therein, and to provide that the cost of such district sewer shall be apportioned against all the lots or pieces of ground in such district, exclusive of the public highways, and to levy and assess a special tax by ordinance against each lot or piece of ground within the district to pay for the construction of such sewer.

**2.　Same — Due Process of Law — Publication of Ordinance.**

The publication of the ordinance provided by the act above quoted is a sufficient notice to the property owner of all facts therein contained, and the notices had here constituted due process of law.

(Syllabus by Hooker, C.)

Error from District Court, Muskogee County; R. P. DeGraffenried, Judge.

Suit for injunction by W. A. Hancock and others against the city of Muskogee and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

B. B. Blakeney, J. H. Maxey, and Grant Foreman, for plaintiffs in error.

Chas. A. Moon, for defendants in error.

Opinion by HOOKER, C. On the 12th day of September, 1910, the governing body of the city of Muskogee passed and published an ordinance creating sewer district No. 12 therein, providing for the construction of a sewer, adopting plans, etc., prescribing the dimensions and material to be used in the construction of the same, together with a complete estimate of the cost thereof. Thereafter the city engineer's specifications, profiles, plats, and estimates of cost were duly approved, and the city clerk was directed to and did advertise for bids for the construction thereof for ten consecutive days, and the work was completed; and thereafter certain individuals instituted a suit seeking to enjoin various assessments upon certain property, alleging, among other things, that the law of Oklahoma under which the sewer in district No. 12 was constructed was unconstitutional and void, because it imposed an assessment for local improvements without notice to or an opportunity to be heard on the part of the parties to be assessed and whose property was affected by the construction thereof. This court in the case of the City of Muskogee et al. v. Rambo et al., 40 Okla. 672, 138 Pac. 567, said:

"In City of Perry v. Davis et al. (18 Okla. 427, 90 Pac. 865), supra, Mr. Justice Garber, who delivered the opinion for the court, on the question of notice, said: 'Thus we see that the property owners of sewer district No. 1 in the city of Perry were notified: First, by the publication of the ordinance creating the district, stating that it was deemed necessary, for sanitary purposes, and that a sewer would be constructed therein according to certain regulations set out in the ordinance; second, by the publication for ten consecutive days in a newspaper of general circulation in the city of Perry of the notice for bids for the construction of the sewer; third, the publication for four consecutive weeks of the ordinance levying and assessing the tax. Sufficient notice was therefore given to the defendants in error in this case, who were all residents of the city of Perry, affording them opportunity to protect their rights before the tax levied became a fixed charge or lien against their property.'

"The same may be said of the property owners who are parties to the instant suit. In speaking of the remedies available to the property owners and their duty to pursue the same promptly upon receiving such notice, the learned justice said: 'It was the plain duty of the defendants in error, upon the publication of the ordinance creating the sewer district, or when they learned that labor and money were being expended in the actual construction of the sewer, to vigorously oppose and protest against it; then was the opportune time to test, by injunction or other proceedings, the legality of the various steps being taken.'

"It was under the same statute construed in that case that the improvement herein involved was constructed. Indeed practically all the sewer systems in all the cities of this state were constructed under the same act, and the construction placed thereon in City of Perry, v. Davis et al., supra, has been accepted as final by the bench and bar of Oklahoma, as a territory and as a state, for a great many years. Under the construction placed upon the act, the publication of the ordinance, of necessity, has been deemed sufficient notice to the property owners of all the facts therein contained, and injunctions or other proceedings in the ordinary courts of general jurisdiction have been deemed to be their remedy if they have any complaints or objections to make to the validity of the proceeding under which the publication for the improvement is made. Neither the act itself nor the decision of the court fixes any specific time under which complaints or objections may be filed. But the decision unquestionably holds that the act under which the improvement was made constitutes due process of law; that the passage and publication of the ordinance, of necessity, in pursuance of the act, constitutes notice and confers jurisdiction upon the city authorities to perform the work and provide for the payment therefor; that it was the

duty of the property owners, upon the publication of the ordinance creating the sewer district, or upon discovering that labor and money were about to be expended in the actual construction of the public work, which would tend to benefit their property, to promptly take action, by injunction or otherwise, against the proceedings providing for such improvements, if in their judgment they are irregular. * * *"

After the decision of this court in the case cited above, the plaintiffs in error here instituted their suit in the district court of Muskogee county, seeking to enjoin the governing body of the city of Muskogee from executing or delivering any bond or liability against their property, or from collecting, or attempting to collect, any special assessment against said property or to pass or consider officially any ordinance or resolution to that end, or from certifying such special assessment to the county treasurer or any other officer upon their failure to pay for the same, for the payment to the contractors for building the sewer in district No. 12 of the city of Muskogee and their main contention here is that the Oklahoma Laws providing for the construction of sewers, same being sections 984 and to 993 of Snyder's Compiled Laws of 1909, under authority of which this sewer was built, and the ordinance passed, and all proceedings taken, are unconstitutional and void, because they undertake to take the property of plaintiff in error without due process of law; and it is further asserted that a law imposing an assessment for a local improvement without notice to, and a hearing or an opportunity to be heard on the part of the owner of the property to be assessed, deprives the property owner of his property without due process of law. With this contention we cannot agree, for this court has expressly held in the Rambo Case, cited supra, that the law in question was constitutional, and that the plaintiffs in error had notice of the creation of said district by the publication of the ordinance and the advertisement for bids, which afforded them full opportunity to protect their rights before the tax levy became a fixed charge or a lien against their property.

Their further contention that they have had no opportunity to appear and to be heard in the matter of fixing their individual assessment is likewise untenable. The act in question provides that:

"As soon as any district sewer shall have been completed the city engineer or other officer having charge of the work shall compute the whole cost thereof which shall also include all other expense incurred by the city in addition to the contract price of the work

and shall apportion the same against all the lots or pieces of ground, in such district, exclusive of improvements, in proportion to the area of the whole district exclusive of the public highways, and such officer shall report the same to the commissioner and councilmen and the mayor and councilmen shall thereupon levy and assess a special tax by ordinance against each lot or piece of ground within the district."

The Legislature fixed a mode of assessment which adjusts itself automatically and where, after the cost of construction has been ascertained, the amount of the individual assessment is determined, not by a discretionary power, but by a mathematical calculation. The Legislature said that the whole cost shall be apportioned against the lots in said district in proportion to the area, and it did not provide for the exercise of any discretionary power, equalizing board, or board of appraisers, and the cases based upon statutes providing for the appraisement of benefits by a board clothed with discretionary power and with the jurisdiction to determine the amount of each individual assessment are not applicable here.

In the case of Gillette v. City of Denver (C. C.) 21 Fed. 822, the court, through Mr. Justice Brewer, said:

"Now, in this case, the tax is levied by the area—no question of value, no matter of judgment, a mere mathematical calculation and of what earthly profit could it be to a taxpayer to have notice of that calculation? He can make it himself. He cannot correct by testimony the judgment of anybody; it is as exact and settled as anything can be. In the proceedings to assess this tax and to do the work, there are three steps: First, there is the making of the contract for the building of the sewer; second, there is the building of the sewer, the performing of the work; and third, the mere mathematical calculation. * * *"

See, also, French v. Barber Asphalt Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; Martin v. District of Columbia, 205 U. S. 135, 27 Sup. Ct. 440, 51 L. Ed. 743; Parsons v. District of Columbia, 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943; Lockwood v. City of St. Louis, 24 Mo. 20; City of St. Joseph v. Farrell, 106 Mo. 557, 17 S. W. 581.

In Wagner v. Leser, 239 U. S. 207, 36 Sup. Ct. 66, 60 L. Ed. 230, it is said:

"It is further urged, and much stress seems to be laid upon this point, that the complainant and others similarly situated were given no opportunity to be heard as to the amount of benefits conferred upon them, and the proper adjustment of the taxes among property owners. But this question, like the other, is foreclosed by the former

decisions of this court. This assessment, and the classification of the property to be improved, were fixed and designated by legislative act. It was declared that the property which had been improved by paving theretofore should, according to the width of the paving in front of the respective properties, be assessed at a certain sum per foot front. We think such a tax, when levied by the Legislature, did not require notice and a hearing as to the amount and extent of benefits conferred in order to render the legislative action due process of law within the meaning of the federal Constitution."

See, also, Spencer v. Merchant, 125 U. S. 345, 7 Sup. Ct. 921, 13 L. Ed. 763. The case of Alley v. Muskogee, 56 Okla. 599, 156 Pac. 315, is also decisive of the issues involved here.

It is to be further noticed here that the assessing ordinance was passed on the 3d day of December, 1915, and this suit was filed on the 17th day of February, 1916, which was more than 60 days after the passage of the ordinance. The court in a number of cases has held that the statute of limitations can be raised by demurrer, but under the view that we have taken as to the constitutionality of the law involved here and of the creation of the sewer district complained of, it follows that the plaintiffs in error are not entitled to the relief for which they ask, and the judgment of the lower court is therefore affirmed, denying to them and each of them the injunction sought.

By the Court: It is so ordered.