# WELLS, FARGO & COMPANY *v.* STATE OF NEVADA.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEVADA.

No. 40.     Argued November 14, 1918.—Decided December 16, 1918.

Under a Nevada law providing only for an *ad valorem* tax on property, a state board valued the tangible and intangible personal property used within the State by a foreign express company at so much for each mile of its line employed there in local and in interstate commerce; and an assessor in listing the part within his county at the valuation per mile so fixed inaccurately characterized the property as consisting of the right to carry on an express business. Accepting as conclusive that his action must be construed under and controlled by the state statute and the action of the board, as decided by the state court, *held*, that the tax was not on the privilege of engaging in interstate commerce, but on the property in the county. P. 167.

In an action to enforce the tax, if the valuation was excessive and burdensome to interstate commerce, the company, under Nevada Rev. Laws, 1912, § 3664, was entitled to prove the facts and secure a reduction, but in this case it failed to do so. P. 168.

A tax is not wanting in due process, even if the valuation is originally made *ex parte*, if it is enforced only through a judicial proceeding affording notice and opportunity for full hearing. *Id*.

38 Nevada, 505, affirmed.

THE case is stated in the opinion.

Mr. *Charles W. Stockton*, with whom Mr. *Harry S. Marx* was on the brief, for plaintiff in error.

Mr. *William C. Prentiss*, with whom Mr. *George B. Thatcher*, Attorney General of the State of Nevada, was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action to enforce a tax levied in Humboldt County, Nevada, against the express company. Several objections were interposed, some presenting local and others federal questions, but all were overruled and payment of the tax directed. 38 Nevada, 505. This writ of error was allowed prior to the Act of September 6, 1916, c. 448, 39 Stat. 726.

The federal questions are all that we can consider, and they are: Whether the tax was laid on the privilege or act of engaging in interstate commerce, whether the tax proceedings were without due process of law, and whether they otherwise were such as to make the tax a burden on interstate commerce.

The company is a Colorado corporation engaged in the express business in this and other countries. One of its lines extends through Humboldt and other counties in Nevada, over the Southern Pacific Railroad, and is used in both intrastate and interstate commerce, but principally the latter. The tax was for the year 1910.

As construed by the state court, the statute [1] under which the tax was imposed does not provide for a privilege or franchise tax, but only for an *ad valorem* property tax. Acting under the statute, a state board valued the company's personal property, tangible and intangible, used in its express business within the State, at $300 per mile of line; and it then became the duty of the assessor of Humboldt County to enter or list on the assessment roll at that valuation so much of the line as was in his county. In making the entry he accurately gave the length of the line in the county, the railroad over which the same was operated and the valuation fixed by the state board, but,

[1] Revised Laws, 1912, §§ 3621, 3622, 3624, 3797–3801, 3807.

inaccurately described the property as consisting of the right to carry on an express business there.

Looking only at that entry there is strong ground for saying that the tax was laid on the privilege or act of doing an express business which was principally interstate. On the other hand, the action of the state board, on which the assessment concededly was predicated, indicates that what was taxed was the company's property in Humboldt County. The difference is vital, for, consistently with the commerce clause of the Federal Constitution, the State could not tax the privilege or act of engaging in interstate commerce, but could tax the company's property within the State, although chiefly employed in such commerce. *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 220; *s. c.* 166 U. S. 185, 218; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas,* 210 U. S. 217, 225–227; *Cudahy Packing Co.* v. *Minnesota,* 246 U. S. 450, 453.

The company insists that the State is concluded by the entry on the assessment roll. But the state court, as shown in its opinion, rejects that view and holds, in effect, that the entry must be construed in the light of the statute and the action of the state board, and that when this is done it is apparent that the tax was not laid on the privilege or act of engaging in interstate commerce, but on the company's property within the county. We perceive no' ground for disturbing that ruling. In so far as it turns on the authority of the state board and the assessor under the statute and the relative effect to be given to their acts it is not reviewable here, and in so far as it relates to what really was the subject of the tax we think it was right. See *Cudahy Packing Co.* v. *Minnesota, supra,* p. 454. Evidently the company at one time took this view of the tax, for in an amendment to its answer we find an allegation that the state board "valued the property used by this defendant at the rate or sum of

$300 for every mile of railroad over which this defendant transacted business, and apportioned said assessment or tax to the various counties of the State in accordance with the number of miles of such railroads, so situated within said county, and that the tax herein sued for was not otherwise levied or assessed."

A want of due process of law in the sense of the Fourteenth Amendment is asserted because the valuation by the state board was made without notice to the company or according it an opportunity to be heard. Assuming that the premise is correct (as to which the record is not entirely clear), we are unable to accept the conclusion. In Nevada the mode of enforcing a tax such as this is by a judicial proceeding wherein process issues and an opportunity is afforded for a full hearing. Only after there is a judgment sustaining the tax is payment enforced. Rev. Laws, 1912, §§ 3659–3665. This, as repeatedly has been held, satisfies the requirements of due process of law. *Hagar* v. *Reclamation District,* 111 U. S. 701; *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, 537; *Gallup* v. *Schmidt,* 183 U. S. 300, 307.

It also is asserted that the state board in valuing the property acted on inaccurate data and applied erroneous standards which resulted in a valuation so excessive as to make the tax a burden on interstate commerce. It is true that some inaccurate data and some computations following erroneous standards were presented to the board by a state officer in support of a suggestion that the property be valued at $500 or more per mile of line. But the suggestion was not adopted, and it is not shown that the board's valuation was based on the data and computations so presented. Besides, if the valuation was excessive, the company was entitled in the present suit to show the true value and to have the tax reduced accordingly. Rev. Laws, 1912, § 3664. An attempt at such a showing was made, but the state court concluded

therefrom that a valuation of $300 per mile, as fixed by the board, was not excessive. It may be that the showing was not complete, but, even if so, it was the company's showing and was all that was before the court. After examining it we think it discloses no ground for condemning the tax as a burden on interstate commerce.

*Judgment affirmed.*