## STATE OF CALIFORNIA v. HISEY.*
### No. 8088.

Circuit Court of Appeals, Ninth Circuit.
July 6, 1936.

U. S. Webb, Atty. Gen., and John O. Palstine, Dep. Atty. Gen., for the State of California.

Bradner & Weil and Jerold E. Weil, all of Los Angeles, Cal., for Hisey, receiver.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

In receivership proceedings the District Court granted the application of the state of California for a determination that its claim for gasoline tax amounting to $34,-142.99 was a preferential claim, being the amount of a tax due on the distributing business of the Lakeview Oil & Refining Company which had accrued before the inauguration of the receivership proceedings herein. It denied the claim of the state for the 10 per cent. penalty of $3,414.29 upon the ground that the delinquency occurred after the receiver had been appointed and qualified on May 8, 1931. The delinquency accrued May 15, 1931. It also denied the application of the state for interest upon the claim so allowed unless and until all creditors are paid in full and there is an excess of assets from which interest payments may be made. The state of California appeals from that portion of the order denying its claim for penalty and interest and the receiver appealed from that portion of the order which determined priority in favor of the state. For convenience, we will refer to the parties on the appeals as "the state" and "the receiver."

We will first consider the question as to the validity of the order directing the payment of the tax amounting to $34,142.99. The tax is imposed by the state of California by the statutes of 1923, p. 571, as amended by St.1925, p. 659; St.1927, p. 1308; St.1929, p. 112. This statute, called "The California Motor Vehicle Fuel License Tax Act," provides that every distributor shall "pay a license tax to the state controller of this state of two cents for each gallon of motor vehicle fuel refined, manufactured, produced or compounded by such distributor in this state and sold and delivered by him in this state," etc. (St.1923, p. 572, § 3.) By section 4 of the statute, as amended by St.1925, p. 659, the tax is made a lien upon all the property of the distributor from and after the delivery or distribution. It provided that the tax "shall have the effect of an execution duly levied against all property of the distributor, and shall remain until the tax is paid or the property sold for the payment thereof." The distributor is required to keep a record of sales and to return to the state board of equalization a verified statement showing the total number of gallons of motor vehicle fuel refined (section 6, St.1923, p. 573); thereupon the state board of equalization computes the license tax of 2 cents a gallon due upon the gallonage so returned by the taxpayer and extends the same upon a tax roll prepared and kept for the purpose. Thirty days thereafter the tax roll is delivered to the state controller who gives notice of due dates of the taxes (section 6). If the distributor refuses or neglects to file a statement of the amount of motor fuel sold or distributed, the state board of equalization determines upon information secured in its own way the amount of motor fuel distributed, fixes the amount of the license tax thereon, and adds penalty of 25 per cent., which amount and penalty, together with interest at 7 per cent., together with the penalty, if any, for nonpayment of tax (under section 4), which penalty of 10 per cent. must be computed upon the tax and not upon the 25 per cent. penalty (section 8, St.1922, p. 574, and section 9, p. 574, as amended by St.1929, pp. 112, 113) shall be collected by the controller. The statute provides that upon the request of the controller the Attorney General shall commence and prosecute "in any court of competent jurisdiction an action at law to collect any tax herein im-

posed which is delinquent and all penalties and interest accrued."

At the outset it should be stated that this California statute was under consideration by this court in the case of Pauley v. State of California, 75 F.(2d) 120, and again in Laugharn v. State of California, 77 F.(2d) 1005. In both these cases we upheld the validity of the state taxing act and the propriety of an order directing payment of the tax, in the one case by a receiver in a suit in equity, and in the other by a trustee in bankruptcy. The receiver in this case recognizes the force of these opinions, but seeks to distinguish the situation presented by this appeal from that involved in the two cases just cited by calling attention to the fact that the California statute was amended by the state Legislature in 1931 (Cal.St.1931, p. 109), and that the decision therein relates to the act as amended in 1931 and not to the statute as it existed prior to this amendment as in the case at bar. The receiver bases his contention mainly upon the alleged difference between the California Motor Vehicle Fuel License Tax Act before and after the amendments of 1931.

The first distinction pointed out is that the act as amended in 1931 provided a method of collecting the tax by the sale of property subject to the lien imposed thereby, whereas, although the act theretofore provided for the lien and its effect, as hereinabove stated, it is claimed that it did not provide any method for the enforcement of the lien inasmuch as the only method of enforcement provided was by an action brought by the attorney "at law to collect any tax herein imposed." (Section 9, amendment Cal.St.1929, p. 113.) The receiver contends, in the teeth of the statute expressly imposing a lien and directing that the lien shall remain until the tax is paid, "that a lien for taxes does not exist when there is no right to enforce the same." Upon that basis he contends that there is no preferential right which can be enforced in receivership proceedings because there is no method of enforcing the lien and consequently no lien, and hence, no priority. The state contends that in the absence of any specific statute authorizing a court of equity to enforce the lien for these taxes, it can nevertheless do so in the exercise of its general equitable power. This is a general rule as to the power of a court of equity to enforce liens and is

declared by the California Supreme Court in Hibernia Sav. & Loan Society v. London & L. Fire Ins. Co., 138 Cal. 257, 71 P. 334. It follows that the state is entitled to a lien on the property in the hands of the receiver and therefore to preferential payment. Pauley v. State of California, supra.

The receiver's second contention that the claim is not entitled to any priority by reason of any rule of the common law granting priority to the sovereign is predicated on the theory that there is no lien for the tax. It is unnecessary to consider this question in view of our conclusion that the state statute imposed a valid lien which was undischarged at the time the property came into the possession of the receiver and at the time of the order. This justifies the preferential order.

The receiver next contends that the statute involved is unconstitutional for the reason that it does not afford due process of law to the taxpayer. The claim is that there was no opportunity given the taxpayer to be heard in the proceedings. This question is decided adversely by us in Pauley v. State of California, supra. The receiver contends that the decision in Pauley v. State of California is not binding herein because the amendments of 1931 gave opportunities to the taxpayer to be heard with reference to the amount of tax which were not given in the statute prior to the amendment of 1931. No cases are cited in support of the receiver's theory.

Under the statutory method of imposing the tax, the proceeding is initiated by the taxpayer if he conforms to the law by filing a statement which shows the number of gallons of gasoline he has distributed. If the controller of the state board of equalization accepts this estimate, it only remains to extend the tax by multiplying the number of gallons distributed by 2 cents per gallon. The statute does not purport to make the determination of the state board conclusive upon the taxpayer and the statute before 1931 required that the tax be collected by suit at law, or, as we have held, in equity, in which suit or action the taxpayer would have his opportunity to be heard. The right to defend that action conforms to the requirement of due process in the Fourteenth Amendment. Mammina v. Alexander Auto Service Co., 333 Ill. 158, 164 N.E. 173, 61 A.L.R. 649; Nickey v. State of Mississippi, 292 U.S.

393, 54 S.Ct. 743, 78 L.Ed. 1323; Wells Fargo & Co. v. Nevada, 248 U.S. 165, 39 S.Ct. 62, 63 L.Ed. 190; Gallup v. Schmidt, 183 U.S. 300, 22 S.Ct. 162, 46 L.Ed. 207.

In considering the question of due process of law in the levy of the tax, we do not see that the provisions of the California state statute referred to by the receiver (section 18 relating to procedure for refund from the cancellation of taxes and referring to section 3669 of the Political Code of California [as added by Stats.1925, p. 661]) have any place, inasmuch as the taxpayer himself fixes the amount of his liability by his return of the gallonage distributed.

We conclude that the tax was valid and that the order of the District Court allowing priority for the amount of the tax was correct.

The trial court disallowed the penalty of 10 per cent. for the nonpayment of the tax when due on the theory that it accrued after the receiver had taken possession of the property. We cannot see that the appointment of a receiver by a court of equity has any effect upon the right of the state of California to collect penalties for unpaid taxes. If the receiver had funds in his possession with which to pay the tax and failed to do so, thus incurring a penalty, no doubt he would be responsible to the estate in his custody for the payment of this penalty incurred because of his neglect, but this liability of the receiver would not relieve the property in his custody from the lien imposed by law. Receivers have been compelled in numerous cases to pay penalties for the nonpayment of taxes which accrued subsequent to their appointment. First Nat. Bank of Houston v. Ewing (C. C.A.5) 103 F. 168; Bright v. State of Arkansas (C.C.A.8) 249 F. 950; Spencer v. Babylon R. R. Co. (C.C.A.) 250 F. 24; McFarland v. Hurley (C.C.A.5) 286 F. 365; Northern Finance Corp. v. Byrnes (C.C.A.) 5 F.(2d) 11. This court has so ruled. Coy v. Title Guarantee & Trust (C. C.A.9) 220 F. 90, L.R.A.1915E, 211. If the penalty, as well as the tax, is a lien upon the property in the hands of a receiver, as the statutes of California provide, it is difficult to see how the payment of the penalty can be differentiated from the payment of the lien for the tax. We can see no distinction. The penalty is a part of the tax. State of Kansas v. Bowker, 4 Kan. 114; Kansas P. Ry. Co. v. Amrine, 10 Kan. 318; Village of Westby v. Bekkedal, 172 Wis. 114, 178 N.W. 451; City of Harrisburg v. Guiles, 192 Pa. 191, 44 A. 48; Appeal of City of Titusville, 108 Pa. 600. If the decision of the Circuit Court of Appeals of the Third Circuit in McCormick v. Puritan Coal Min. Co., 41 F.(2d) 213, is contrary to this line of authorities, as it seems to be, we cannot follow it.

With reference to the interest on the allowed claim of the state and upon the penalty, the state contends that it is entitled to priority in the payment of such interest for the reason that the interest upon a secured claim has the same priority as the claim itself, citing Board of Comm'rs of Sweetwater County v. Bernardin (C.C. A.) 74 F.(2d) 809.

This might follow if the state statute required the payment of interest upon and as a part of the tax. The only provision in the statute for payment of interest which is referred to by the parties is contained in section 9 of the California Motor Vehicle Fuel License Tax Act, and we have found no other. This section deals with an assessment made in cases where the taxpayer, the distributor, fails to make a return. It provides for 25 per cent. penalty for such neglect, together with 7 per cent. interest "from the date upon which such statement should have been filed," together with an additional penalty (10 per cent.) for nonpayment imposed by section 4. This provision for interest seems to be applicable only to the arbitrary assessment provided for in section 9. This is not such an assessment.

In the absence of statutory provision requiring the payment of interest on a tax, such interest is not collectible under the law of California. Lake County v. Sulphur Bank Q. M. Co., 66 Cal. 17, 4 P. 876; People v. North P. C. R. Co., 68 Cal. 551, 10 P. 45; People v. Central P. R. Co., 105 Cal. 576, 38 P. 905; Perry v. Washburn, 20 Cal. 318; Dougherty v. McAlpine, 1 Cal.Unrep. Cas. 370. The appeal of the state claiming a right to priority for interest upon the amount due cannot be sustained.

The receiver does not appeal from that portion of the order allowing interest if and when all other claims are satisfied, although in the brief it is suggested that this part of the decree is also erroneous. Not being assigned as error, it cannot be considered.

The order below is modified as follows:

To the provision thereof giving priority for the payment of tax, $34,142.99, must be included the 10 per cent. penalty amounting to $3,414.29. Interest upon the tax at 7 per cent. shall be paid only in the event that all other claims are first paid. So modified, the order is affirmed.

Rehearing Denied Aug. 24, 1936.