Richard R. HORTON et al., Appellees,

v.

CITY OF OKLAHOMA CITY, Oklahoma, a Municipal Corporation, et al., Appellants.

No. 49857.

Supreme Court of Oklahoma.

May 10, 1977.

Rehearing Denied July 22, 1977.

Bill A. Pipkin and William C. Leach, Moore, for appellees.

Walter M. Powell, Municipal Counselor, Giles K. Ratcliffe, Marion Jowaisas, Asst. Municipal Counselors, Oklahoma City, for appellants.

DAVISON, Justice:

In March, 1975, the City Council of Oklahoma City received a petition signed by the owners of more than one-half of the area composed of lots 19 thru 35 in Powers Addition in Oklahoma City, Oklahoma. The petition asked the City to establish a sewer district composed of lots 19 thru 35 in Powers Addition and to construct a sanitary sewer system in that district.

On March 11, 1975, the City Council duly and regularly adopted a resolution finding that the petition of the property owners was sufficient and was properly signed by the owners of more than one-half of the land area liable for assessment.

On that same date, the City Council by ordinance established Sewer District No. 1179 to serve lots 19 thru 35 inclusive. Public notice of passage of the ordinance creating the district was properly published. Subsequently, an ordinance establishing Sewer District No. 1179 was repealed because all bids received by the City for the construction of the sewer system in the district substantially exceeded the City Engineer's estimates.

On May 6, 1975, the City Council once again passed a resolution determining that the petition of the homeowners was sufficient, and passed an ordinance creating a sewer district to serve lots 19 thru 35 in Powers Addition, Sewer District No. 1183. The ordinance creating the new sewer district was published as required by law. Upon the creation of the new district, the Council duly and regularly adopted a resolution acknowledging receipt of the preliminary plans, preliminary assessment plats, and the City Engineer's preliminary esti-

mates of cost for construction of sewer lines in the district.

Additionally, on May 6, 1975, the City Council also passed a resolution adopting and approving the final plans and specifications for the construction of a sewer system in Sewer District No. 1183. *No notice of the approval of the plans and estimates was published.*

Bids for the sewer construction were properly solicited through publication, and the contract awarded to M.A. Swatek and Company. M.A. Swatek and Company performed all required of them under the construction contract and properly installed and completed the sewer system in accordance with the approved plans and specifications.

After the completion of the construction, the City Engineer prepared and filed a final statement of construction costs for the project, and on December 30, 1975, the City Council duly and regularly adopted a resolution evidencing receipt and approval of the final estimate of costs, and directed the City Engineer to prepare an assessment roll. At that time, the City Council adopted a resolution indicating receipt of the assessment roll and set a time and place for a hearing to consider objections to the apportionment of costs to the property benefited. Notice of the hearing date on the assessment rolls for the sewer district was duly and regularly published and notice was given to all property owners subject to assessment.

Some of the landowners in the sewer district, including some landowners who had signed the petition initiating the creation of the sewer district, brought an action in District Court seeking to enjoin the City of Oklahoma City, its officers, and contractor, from assessing, levying or charging any special sewer tax, or compelling in any way, the payment that might be due for construction in Sewer District No. 1183. The trial court, to whom the case was tried on a stipulated set of facts, held that the property owners, because of the provisions of 11 O.S.1971 § 270.10, were entitled to notice when the City Council approved the preliminary plans, specifications and plats for the construction in the sewer district, and that the failure to give such notice was a jurisdictional defect. Accordingly, the court issued a permanent injunction. Appellant City, its officers and contractor have perfected an appeal from the trial court's ruling. The issue presented in the appeal is:

In a proceeding for the creation of an assessment district to pay the cost of local sewer improvements under the provisions of 11 O.S.1971 §§ 270.1 thru 270.29, is a governing body of the assessing authority required to give the notice to property owners provided for in 11 O.S.1971 § 270.-10, where a written petition for the improvement, signed by the property owners, has been filed with the assessing authority and the governing body has found said petition to be sufficient?

Under the provisions of 11 O.S.1971 §§ 270.1 thru 270.29, there are two procedures under which a sewer or water district can be initiated—by landowners' petition, or by direct action of a governing body. Section 270.6 provides for the initiation of such district through a landowners' petition. That Section provides:

"District sewers and district water distribution lines shall be established within the limits of the districts, to be prescribed by ordinance. District sewers shall connect with public sewers or other district sewers, or with the natural course of drainage, as each case may be. District water distribution lines in contiguous or non-contiguous areas may connect with public distribution lines, or other district distribution lines. The governing body shall cause sewers and/or district water distribution lines to be constructed in each district whenever the record owners of more than one-half (½) the area of the land liable to assessments for said improvement shall petition therefor. Said districts may include mains and submains where the same are within the limits of the district or are necessary outlets or supply lines thereto. The cost of such district sewers and district water

distribution lines, including said mains and sub-mains, shall be assessed and collected as hereinafter provided; the cost of such district sewer shall be assessed and collected as hereinafter provided; but the city shall incur no liability for building district sewers, except when the city is the owner of a lot within the district, and in that case the city shall be liable for the costs of said sewer in the same manner as other property owners within the district."

Section 270.8 provides for the initiation of such districts through direct governmental action. That Section provides:

"Whenever the governing body shall deem district sewers, or district water distribution lines necessary, it may proceed with such work without petition, and shall, by resolution, require the city or town engineer, or other registered professional engineer, to prepare and file preliminary plans, showing a preliminary estimate of the cost of such improvement, and as assessment plat, showing the area to be assessed. In the event non-contiguous areas are included in the same district, separate preliminary estimates shall be filed as to each area. The governing body shall have the power to adopt any material or methods for the construction of such work."

Section 270.10 provides that when a governing body, in the creation of a sewer or water distribution district, approves, by resolution, preliminary plans, estimates and assessment plats, notice of the adoption of the resolution must be published; that statute provides:

"*Upon the filing of said preliminary plans, preliminary estimate and assessment plat, the governing body of such incorporated city or town shall examine the same, and if found satisfactory, shall by resolution adopt and approve the same, and declare such work of improvement necessary to be done. Said resolution shall be published for at least two consecutive Thursday issues, if published in a daily newspaper, or at least two consecutive issues, if published in a week-ly newspaper, which newspaper shall be of general circulation in said city or town.*" Such notice shall further provide that if the record owners of more than one-half in area of the land to be assessed shall not within fifteen (15) days after the last publication thereof, file with the Clerk of said incorporated city or town, their protest in writing against the improvement, then the incorporated city or town shall have the power to cause such improvement to be made and contract therefor and to levy assessments for the payment thereof; Provided, that after the same shall have been protested by the owners of more than fifty per cent of the land liable to assessment the governing body of said incorporated city or town shall not advertise the same again for a period of six months, except upon petitions as heretofore provided. In addition to the publication notice prescribed by statute in the creation of a local improvement district or special assessment district by a town, city, county or district, notice by mail shall be given as hereinafter provided: Not less than ten days before the first hearing affecting the proposed district, the town, city, county or district clerk, as the case may be, shall notify each listed owner of land as shown by the current year's tax rolls in the County Treasurer's office, said list to be furnished by the engineer, by mailing a postal card directed to said owner at his last known address as shown by said ownership list, stating the initiation of the proceedings and that the property, describing it, will be liable to assessment to pay for the improvement naming the newspaper and the issues thereof in which the resolution prescribed by statute is to be published and referring the owner to each publication for further particulars. Provided, that failure to receive such notice shall not invalidate the proceedings affecting said district. If several tracts are owned by the same person, all may be included in the same notification. Provided, that in lieu of a mailing of the aforesaid postal card, that said clerk may mail to each of said owners a copy of the newspaper pub-

lication which mailing shall be not less than ten days before the first hearing. Proof of notification shall be made by affidavit of said clerk and filed in his office." [Emphasis added]

In *Lance v. City of Sulphur*, Okl., 503 P.2d 867 (1972), this Court held that a governmental entity's failure to provide notice required under § 270.10 was a fatal flaw in the establishment of a sewer district, and that the flaw was jurisdictional. Accordingly, we held that the governmental entity involved, lacking jurisdiction, did not have the power to cause improvements to be made, nor to contract therefore, nor to levy assessments for the payment of such improvement. In the *Lance* case, supra, the process for establishing the sewer district was initiated *without petition*, whereas in the case before us, a petition was presented to Oklahoma City and found to be sufficient. Appellant City argues that the notice requirements of § 270.10 are only applicable where the process of establishing the district is initiated without petition. In support of its contention, the City points out that § 270.10 begins with the following language: "*Upon the filing of said preliminary plans, preliminary estimate and assessment plat*, the governing body * * *, shall by resolution adopt and approve the same, * * *. Said resolution shall be published. * * *" [Emphasis added].

Appellant argues that the language, "Upon the filing of said preliminary plans, etc.", can only be construed to refer to the preliminary plans, preliminary estimate and assessment plat, required under § 270.8, quoted above, which provided for the establishment of a sewer district without petition. Then, appellants note that no mention of preliminary plans, preliminary estimate, assessment plat, or their approval is made in § 270.6, which establishes the petition procedure.

Based upon this statutory structure, appellant City, its officers and contractor conclude that since the statutory provisions of § 270.6 make no mention of plans, estimate or plat, such are not required when a petition initiates the creation of a sewer district, and therefore notice of a resolution approving such estimate and plans is not

required. We agree with appellant's contention. We do so for the following reasons. First, when a sewer district is initiated through the petition method, a governing body who receives a petition, if signed by the owners of more than one-half of the area of land liable to assessment, *must* construct sewer lines, as provided in 11 O.S. 1971 § 270.6, which provides in part:

"The governing body *shall cause* sewers and/or district water distribution lines to be constructed in each district whenever the record owners of more than one-half (½) the area of the land liable to assessments for said improvement shall petition therefor." [Emphasis added]

Thus, when the creation of a sewer district is initiated by petition, the governmental entity, upon the filing of a sufficient petition, is granted power and has jurisdiction to construct district sewer lines, whereas when such a district is initiated without petition, jurisdiction, as we held in *Lance v. City of Sulphur*, supra, is not conferred until after a resolution approving the plans and estimate has been adopted and notice of the approval has been given.

Secondly, when a sewer district initiated by a petition is constructed, there is no statutory requirement that the governing body pass resolutions requesting or approving preliminary estimates and plans, whereas when a sewer district is created using the nonpetition method, such resolutions are required.

Thirdly, the language of the statute requiring notice of the passage of such resolutions is clearly limited to cases in which a sewer district is created using the nonpetition method.

Since such resolutions are not required when the creation of a sewer district is initiated by petition, there is no statutory requirement that notice be given.

■ In addition to arguing that § 270.10 requires notice of the City's approval of preliminary plans, estimate, and the like, the landowners also argued that even if the statute does not provide for such notice, the lack of such notice constitutes a violation of their Constitutional right to Due Process under the Fourteenth Amendment of the Constitution of the United States, as they are entitled to notice and an opportunity to

be heard before their property is taken. In addressing this due process issue, we first notice that under the provisions of 11 O.S. 1971 § 270.17, when an assessment roll is filed with a governing body, the governing body is required to set a time for holding a hearing to consider complaints or objections that may be made concerning the apportionment as to any lot involved. That Section provides:

"When said assessment roll is filed, the governing body shall appoint a time for holding a session to hear any complaints or objections that may be made concerning said apportionment as to any of such lots. Notice of such hearing shall be published by the city or town clerk in five (5) consecutive issues of a daily newspaper, or two (2) consecutive issues of a weekly newspaper published in the county and of general circulation in said city or town, and a copy of such notice shall be mailed by the city or town clerk at least ten (10) days before such session to the owners of property chargeable with the cost of said improvement at their addresses as shown by the current year's tax rolls in the County Treasurer's office, or as shown by certificate of a bonded abstractor. The time fixed for said hearing shall be not less than five (5) nor more than thirty (30) days from the last publication. Said notice shall state that such assessment roll is on file in his office, the date of filing same, and the time and place where the governing body will hear and consider said objections. The governing body at said session, or any adjournment thereof, shall have the power to review and correct said apportionment and to raise or lower the same as to any lots or tracts of land, as they shall deem just, and shall, by resolution, confirm the same as so revised and corrected by them. At or prior to said session, any owner of real estate proposed to be assessed, may file his objections in writing against the validity of said assessment roll and proposed assessment, setting forth the nature thereof, and shall have full opportunity to be heard; and said governing body shall make such adjustments as may be just and proper. Any and all objections to the amount and validity of said assessments shall be deemed waived unless presented at the time and in the manner herein specified. The determination by the governing body of the existence and extent of special benefit to each tract or parcel of land in the district is hereby declared to be legislative in nature, and shall be conclusive upon the property owners and upon the courts."

In the statement of stipulated facts under which this case was tried, the parties stipulated that a time and place was set for an assessment hearing as required, that proper notice of the hearing was published, and that the property owners involved received notice of the hearing.

In *Utley v. St. Petersburg*, 292 U.S. 106, 54 S.Ct. 593, 78 L.Ed. 1155 (1934), the Supreme Court of the United States, in an opinion delivered by Mr. Justice Cardozo, held that due process was not denied when a municipality, with legislative power, passed a resolution to pave streets without affording property owners an opportunity to be heard in opposition of said resolution, for the Court held it is enough to satisfy due process if a hearing is provided before the imposition of the assessments to pay for the improvements. In so holding, Justice Cardozo, speaking for the Court, stated:

"There is no constitutional privilege to be heard in opposition at the launching of a project which may end in an assessment. It is enough that a hearing is permitted before the imposition of the assessment as a charge upon the land (*Chicago, M.St.P.&P.R.Co. v. Risty*, 276 U.S. 567, 48 S.Ct. 396, 72 L.Ed. 703; *Londoner v. Denver*, 210 U.S. 373, 378, 28 S.Ct. 708, 52 L.Ed. 1103, 1109; *Goodrich v. Detroit*, 184 U.S. 432, 437, 22 S.Ct. 397, 46 L.Ed. 627, 630, or in proceedings for collection afterwards. *Hagar v. Reclamation Dist.*, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; *Winona & St. P. Land Co. v. Minnesota*, 159 U.S. 526, 537, 16 S.Ct. 83, 40 L.Ed. 247, 251; *Wells F. & Co. v. Nevada*, 248 U.S. 165, 39 S.Ct. 62, 63 L.Ed. 190."

This Court has itself made similar holdings. See e. g., *Hancock v. City of Muskogee*, 66 Okl. 195, 168 P. 445 (1917) (Affirmed by the United States Supreme Court in *Hancock v. Muskogee*, 250 U.S. 454, 39 S.Ct. 528, 63 L.Ed. 1081 [1919]).

Because neither the applicable statutes nor the Due Process Clause of the United

States Constitution, requires that landowners be given notice of a governmental body's approval of preliminary plans, estimates and plats, in the creation of a sewer district, when the district is initiated by a landowners' petition, we reverse the order of the trial court which held that notice was required and set aside the injunction issued by that court.

REVERSED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY and BARNES, JJ., concur.

HODGES, C. J., and IRWIN, SIMMS and DOOLIN, JJ., dissent.