No. 84-53

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

GALE ABRAMS, et al.,

        Plaintiffs and Appellants,

-vs-

ELLEN FEAVER, Director of the
Montana Department of Revenue,

        Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        George T. Radovich, Billings, Montana

    For Respondent:

        R. Bruce McGinnis, Dept. of Revenue, Helena, Montana

Submitted on Briefs:   June 28, 1984

Decided:   August 16, 1984

Filed: AUG 16 1984

*Ethel M. Harrison*
—————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the First Judicial District, in and for the County of Lewis and Clark, refusing to order a refund of taxes withheld from the appellants' paychecks.

Appellants raise one issue on appeal. The issue is whether the Department of Revenue's actions in correcting tax payers withholding exemptions was a denial of due process of law.

The appellants, after filing a petition for a declaratory judgment and a writ of prohibition, moved for a summary judgment. Hearing on the motion was held on June 30, 1983, with both parties represented by counsel. Following the filing of briefs by both parties, the matter was deemed fully submitted on August 22, 1983.

The appellants' petition for a declaratory judgment and writ of prohibition is based on the undisputed fact that the appellants were not given notice or opportunity to be heard prior to the Department of Revenue's decision not to allow the exemptions filed by the appellants on their Federal W-4 forms. Appellants contend the Department of Revenue lacks authority to alter the Federal W-4 forms, and, even if it has such authority, due process required that the appellants be given notice and an opportunity for a hearing before the Department disallows the number of exemptions claimed on the W-4 forms.

The appellants were employees of various employers in Colstrip, Rosebud County, Montana, employed for the

-2-

purpose of building electrical plants 3 and 4. Just prior to Christmas in 1981, the Department of Revenue notified them by letter, attached to their checks, that a change had been made in their number of dependents. Part of that letter stated: "If there are any questions, the employee is to notify Betsy Phillips, Field Audit Bureau, Income Tax Division, P.O. Box 5805, Helena, Montana 59604." The appellants had on file with their employers Federal W-4 forms, which they allege were the only forms available for the purpose of declaring the amount of withholding to be taken from their wages. Each of these forms claimed "exempt" status or excess "allowances" which are allowed under federal law. These forms with their alleged exemptions are not given to the tax department of the State of Montana but are on file with the employer and the audit system for the Department of Revenue.

The Department of Revenue annually conducts an audit at the employer's office to check the withholding and tax forms they have on file. In the fall of 1981, during this type of an audit, the State determined that certain employees of the Bechtel Power Corporation were not entitled to certain exemptions that may or may not have been allowed by the federal government. This determination brought about the letter sent in December 1981, notifying the employees of a change of status in their exemptions.

Appellants argue in this action that they are not challenging the authority of the Department of Revenue, under proper circumstances, to withhold from wages for the anticipated income tax liability of wage earners. They acknowledge that both the State and the Federal Government

have followed this procedure for years, and it has been upheld many times. Appellants are challenging the procedure followed by the Department of Revenue; altereing the W-4 forms. Appellants allege that in so altering these forms without proper notice, their rights under the Fifth Amendment were violated.

Appellants cite Akhtar v. Van De Wetering (Mont. 1982), 642 P.2d 149, 39 St.Rep. 470, and Schend v. Thorson (1976), 170 Mont. 5, 549 P.2d 809. Neither case is on point with the problem presented here and will not be further discussed.

Section 15-30-202, MCA, provides that every employer making a payment of wages, shall withhold from the wages "a tax determined in accordance with the withholding tax tables which shall be prepared and issued by the department." The statute clearly gives the Department of Revenue the authority to determine the amount of withholding tax through certain tax tables.

Answering the problem of due process in this tax collection field, due process is not offended if the party contesting the taxes is afforded an opportunity to challenge the collection of a tax at any time before a conclusive judgment. See, Gallup v. Schmidt (1902), 183 U.S. 300, 22 S.Ct. 162, 46 L.Ed 207. State courts have construed this rule to mean that a taxpayer is not deprived of his property without due process of law if he has an opportunity to question the validity of the tax at some stage in the proceedings. See, State ex rel Douglas v. State Board of Equalization and Assessment (1979), 205 Neb. 130, 286 N.W.2d 729; Chicago Sheraton Corp. v. Zaban (1978), 71 Ill.2d 85,

373 N.E.2d 1318. Even if the State has seized the property for payment of taxes, it has been held constitutionally sound to postpone the opportunity for a hearing until after payment of delinquent taxes. Peters v. Sjoholm (1981), 95 Wash.2d 871, 631 P.2d 937, cert denied, 455 U.S. 914, 102 S.Ct. 1267, 71 L.Ed.2d 455; Fuentes v. Shevin (1972), 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556.

Here, appellants had the opportunity to challenge the number of exemptions allowed and their payment of state income tax through the tax refund procedure set forth in section 15-30-149, MCA. Such a procedure satisfies due process requirements since the appellants were given the opportunity through a hearing, if necessary, to contest this amount of taxes due.

As noted above, in tax cases due process does not require that appellants receive notice and hearing prior to the withholding. Appellants have the opportunity to contest the validity of the Department's administrative actions and the amount of the withholding through exhaustion of the administrative remedies in the refund procedures. As long as they are afforded this opportunity, due process has been fulfilled.

Following the hearing, the trial court held that there were no genuine issues of fact before it. Since appellants had notice and opportunity to address the issue of due process, summary judgment was proper and was granted under the authority of Hereford v. Hereford (1979), 183 Mont. 104, 598 P.2d 600, and Rule 56(c), M.R.Civ.P.

The judgment of the District Court is affirmed.

_____
Justice

-5-

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-