THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* R. EARL SARGENT, Plaintiff in Error.

*Opinion filed June 21, 1912.*

1. MOTOR VEHICLES—*act of 1911 was intended to put the subject of motor vehicles under State control.* The manifest purpose of the Motor Vehicle act of 1911 was to place the whole subject of regulating the use of motor vehicles under the control of the State and to supersede all previous laws and ordinances on the subject.

2. CONSTITUTIONAL LAW—*what is meant by the "subject" of an act.* The "subject" of an act, as that word is used in the constitution, means the matter or thing forming the groundwork of the act, and it may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to the subject as the generic head.

3. SAME—*what is properly included in an act.* Any matter or thing which may reasonably be said to be subservient to the general subject or purpose is germane to the subject and may be properly included in the act.

4. SAME—*Motor Vehicle act of 1911 does not embrace more than one subject.* While the subject of the Motor Vehicle act of 1911 is expressed in the title with more particularity than is required, yet the act relates to but one subject,—the regulation of the use of motor vehicles,—and is not in violation of section 13 of article 4 of the constitution.

5. SAME—*provision for creating road fund with motor vehicle license money is not special legislation.* The provision of the Motor Vehicle law of 1911 directing the Secretary of State to pay the fees collected under the act into the State treasury, to be held as a special fund for the permanent improvement of the highways of the State, is not a local or special law "for the laying out,

opening, altering and working roads or highways," such as is prohibited by section 22 of article 4 of the constitution.

6. SAME—*Secretary of State must pay all license fees into the State treasury.* The Secretary of State cannot apply the motor vehicle license fees received by him to the payment of the expenses of any particular department of his office, but the total amount received by him must be paid into the State treasury and be paid out only in pursuance of an appropriation by the legislature, and if any provision of the Motor Vehicle act of 1911 authorizes the contrary such provision is invalid, but its invalidity does not affect the remainder of the act.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

DANIEL L. CRUICE, A. S. LANGILLE, and O. J. C. WRAY, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and FRED H. HAND, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago for driving his automobile for hire without a chauffeur's license, in violation of section 13 of the Motor Vehicle act of 1911. Said section provides for an examination by the Secretary of State, or by examiners appointed by him, of every person who applies for a license to operate a motor vehicle for hire, and for the issuing of a license to such person, if found qualified, upon payment of a fee of $5, and prohibits any person from operating or driving a motor vehicle as a chauffeur upon the public highways of this State after the first of January, 1912, unless such person has complied in all respects with the requirements of this section. Section 18 of said act imposes a penalty of $25 for willful violation of section 13. The plaintiff in error, when arrested, was operating his automo-

bile for hire without having complied with section 13 in regard to procuring a license. It is admitted that he violated the statute, and the only defense interposed is that said amended Motor Vehicle act of 1911 is unconstitutional.

The principal objection urged against the validity of the act of 1911 is, that it includes more than one subject and that the subject of said act is not embraced within the title, as is required by section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject and that shall be expressed in the title." An act under this provision of the constitution may be void (1) either because it embraces more than one subject, or (2) because the subject is not embraced within the title. The title of the act is as follows: "An act defining motor vehicles and providing for the registration of the same and of motor bicycles, and uniform rules regulating the use and speed thereof; prohibiting the use of motor vehicles without the consent of the owner and the offer or acceptance of any bonus or discount or other consideration for the purchase of supplies or parts for any such motor vehicle or for work or repairs done thereon by others, and defining chauffeurs and providing for the examination and licensing thereof, and to repeal certain acts therein named." The act contains twenty-one sections, and when read together it will be seen that it was intended to be a general revision of the law in relation to the subject of owning and operating motor vehicles, and was designed to supersede all previous legislation on that subject and all city ordinances relating to the speed of automobiles and other horseless vehicles.

In discussing the Motor Vehicle law of 1907, this court, in *Ayres* v. *City of Chicago,* 239 Ill. 237, on page 245, said: "It is a fact within the common knowledge of most persons that automobiles, other than those used in particular localities for hire, are extensively used in this State in making tours of considerable distance, in the course of which many

cities, villages and towns would be visited. The legislature has by the Motor Vehicle act taken the subject of the regulation of the speed and operation of automobiles out of the hands of local authorities and passed the Motor Vehicle law as a general, uniform regulation, applicable alike to all municipalities of the State. The effect of this law manifestly is to abrogate all municipal ordinances designed to regulate the use of motor vehicles passed prior to the time such law went into force and to deprive such municipalities of the power to pass such regulating ordinances in the future. The necessity for such uniform law was a matter for legislative determination, with which the courts have nothing to do. Clearly, the purpose of the legislature was to pass a new and complete law designed to take the place of all municipal ordinances or rules regulating the equipment and operation of motor vehicles."

A careful reading of the act of 1911 will show that the legislative intent is the same as expressed above in respect to the act of 1907. The manifest purpose of the legislature was to bring the whole subject of regulating the use of motor vehicles under the control of the State.

As we understand the argument of plaintiff in error, his contention seems to be that both the act and the title include a plurality of subjects and for that reason the whole act is void. The word "subject," as used in the constitution, signifies the matter or thing forming the groundwork. It may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to it as the generic head. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and may be properly included in the law. (*O'Leary* v. *Cook County,* 28 Ill. 534.) The constitution of 1848 provided that "no private or local law shall embrace more than one subject and that shall be expressed in the title." The legislature passed an act entitled "An act to incorporate the Northwestern University," one

section of which prohibited the sale of spirituous liquors within four miles of the university under a special penalty to be recovered by the county of Cook. This court held that the prohibition of the sale of liquors within four miles of the university was germane to the subject of the act,— that is, the incorporation of the university. The object of this constitutional provision is to prevent the insertion in a bill of matters not relating to the title, by means of which members of the legislature might be led to vote for measures which they would not otherwise approve, (*Milne* v. *People,* 224 Ill. 125,) but it has never been held that it was necessary that the title should minutely and exactly express every related matter which is included in the act. The title of the act under consideration is much more comprehensive than the law requires. The title enumerates the several particular matters embraced in the act, but all of these particulars relate to but one general subject.

There are at least two methods of expressing the subject of an act in the title. One method, which has uniformly been held sufficient, is to express the subject of the act in a brief, general form. Thus, our Criminal Code, of more than five hundred sections, is entitled "An act to revise the law in relation to criminal jurisprudence." Our Revenue law is entitled "An act for the assessment of property and for the levy and collection of taxes," and the statute in relation to jurors is entitled "An act concerning jurors and to repeal certain acts therein named." These several statutes, and many more that might be mentioned, contain all the law that is necessary to cover the general subject legislated upon, and necessarily many things are included in them that are not expressed within the general titles except as they are related to or have some more or less direct connection with the general subject being legislated upon. Another method of stating the subject of an act is to express the principal features of the legislation somewhat more in detail. The latter method of giving the title

to the act has been adopted in the Motor Vehicle law. If the title of this act had been general, such as "An act in relation to motor vehicles and to repeal certain acts therein named," we cannot conceive that any objection could be made to it that would not equally apply to many other enactments which have never been questioned in this regard. Here the subject of the act is expressed by a repetition in the title of a number of particulars, all relating more or less directly to the subject of motor vehicles. The mere mentioning in the title of related particulars is not stating a plurality of subjects. The act in question relates to one general subject, and that subject is expressed, perhaps, with unnecessary particularity in the title. The act in question is not in violation of section 13 of article 4 of the constitution.

Plaintiff in error makes the further point that the act is local or special legislation, in that it provides that the license fees received by the Secretary of State for the examination and licensing of chauffeurs shall be deposited in the State treasury and set apart as a special fund to be used as a road fund, which shall be used solely for the permanent improvement of the highways of the State outside of any incorporated city, town or village and shall be subject to the appropriation of the General Assembly for that purpose, only. The constitution provides (art. 4, sec. 22,) that the legislature shall not pass any local or special law for "laying out, opening, altering and working roads or highways." This is the clause of the constitution that is supposed by the plaintiff in error to be violated. To this contention it may be replied, first, that the direction to the Secretary of State to pay the fees collected under this act into the State treasury, to be held as a special fund to use for the permanent improvement of the highways of the State, is not an act providing for the "laying out, opening, altering and working roads or highways;" and second, if that portion of the act were void it would not

concern plaintiff in error. If the fees collected under the Automobile law cannot be lawfully appropriated to the public highways of the State, (which is not involved in this case and which we do not decide,) it would not render the act void but would leave the funds to be appropriated for some other purpose.

It is also objected that the act provides that the amount received by the Secretary of State, "less the cost of preparing and delivering the registration certificates, registration seals and number plates," shall be deposited in the State treasury, etc. The point is made that this permits the Secretary of State to pay the examiners whom he appoints, and other expenses, out of the funds in his hands without any appropriation by the legislature. Under the holding of this court in *Board of Trade* v. *Cowen,* 252 Ill. 554, the Secretary of State cannot apply fees received by him to the payment of expenses in any particular department of his office, but the total amount received must be paid into the State treasury and paid out only in pursuance of an appropriation act passed by the legislature. If this particular clause be construed as authorizing the payment by the Secretary of State of the expenses of enforcing the Motor Vehicle law out of the fees received, the act in that respect is invalid. But this does not affect the balance of the act. A reference to the general Appropriation act shows that the legislature made an appropriation of $35,000 to the Secretary of State for the purpose of carrying out the provisions of the Motor Vehicle law, and it is reasonable to suppose that since the decision of this court in *Board of Trade* v. *Cowen* this clause of the Motor Vehicle law is being disregarded.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*