CHICAGO—FIRST DISTRICT—DECEMBER, 1920. 319

Clark Teachers' Agency v. City of Chicago et al., 220 Ill. App. 319.

## The Clark Teachers' Agency et al., Appellees, v. City of Chicago and William Hale Thompson, Mayor, Appellants.

### Gen. No. 26,285.

1. APPEAL AND ERROR, § 1718*—*when question of validity of ordinance is waived on appeal.* The question of the constitutionality of an ordinance cannot be passed upon by the Appellate Court, and on an appeal to such court such question is waived.

2. INJUNCTION, § 18*—*when injunction is proper to enjoin enforcement of ordinance.* A court of equity has jurisdiction of a suit to enjoin the enforcement of a city ordinance providing for licensing and regulation of private employment agencies, where there are 348 such agencies in the city whose places of business will be closed up by the city officials and thereby their business substantially destroyed, on the ground that such determination will prevent a multiplicity of suits.

3. MUNICIPAL CORPORATIONS, § 45*—*when ordinance is void.* A city ordinance conflicting with a State law is void.

4. MUNICIPAL CORPORATIONS, § 45*—*when ordinance as to employment agencies is void.* Where a State act provided that persons complying with it might be granted a license to conduct a private employment agency upon payment of the fee prescribed in the act, an ordinance covering the same subject-matter and requiring the payment of an additional fee is void.

5. MUNICIPAL CORPORATIONS, § 41*—*when grant of power to municipality is necessary.* Where a State has not delegated authority to municipalities to regulate private employment agencies, no such authority exists.

6. MUNICIPAL CORPORATIONS, § 41*—*what are powers of municipal corporations.* A city or village has no inherent power to legislate on any matter unless the power is expressly delegated by the legislature or unless it is necessarily implied from the powers expressly granted.

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed December 22, 1920.

SAMUEL A. ETTELSON, for appellants; MORTON S. CRESSY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN W. CREEKMUR, EARL J. SMITH and DONALD J. DEWOLFE, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal defendants seek to reverse an interlocutory order awarding a writ of injunction. Complainants moved that a temporary order be entered enjoining defendants from attempting to enforce an ordinance of the City of Chicago. The motion came on for hearing on the face of complainants' amended bill and the order prayed for was entered, to reverse which defendants prosecute this appeal.

The record discloses that on March 29, 1920, the City Council of Chicago passed an ordinance providing for the licensing and regulation of private employment agencies in the city. This ordinance provided, in substance, that no person, firm, company, society, association or corporation should engage in the business of a domestic employment agency, commercial, theatrical or general employment agency, shipping agent, nurses' registry, or any other employment agency or office within the City of Chicago for the purpose of procuring help or attempting to procure help or engagements without first obtaining a license. The ordinance further provided the method by which the license should be obtained, viz., by making a written application to the mayor, giving the name and address of the applicant, and the street and number of the place where it was proposed to conduct the business, and other information. It was also provided that upon receipt of such application the mayor should cause to be investigated the character and responsibility of the applicant, and cause the premises in which it was proposed to conduct the business to be examined; that, if upon such investigation, it was found that the applicant was not a person of good character, or if the place was not a suitable one in which to carry

on the proposed business, the application should be denied. But if the applicant was found to be a proper person and of good character and the place suitable, then the license was to be issued upon payment of a license fee ranging from $5 to $75 per year, depending upon the number of persons that were to be employed in the business. The ordinance further provided that all agencies licensed should keep books of record open at all reasonable hours for inspection by the city's representative. It provided further that any person violating the ordinance should be fined not less than $50 nor more than $200 for every day of such violation and that each day should constitute a separate and distinct offense.

The complainants, 48 in number, on behalf of themselves and approximately 300 other persons engaged in the same line of business, filed this suit to enjoin the enforcement of the ordinance, and it is averred that all of these parties are now conducting employment agencies in Chicago under licenses obtained from the State Board of Commissioners of Labor under the provisions of an "Act relating to private employment agencies and to repeal parts of a certain Act relating thereto," in force July 1, 1909 (Laws of 1909, p. 213, J. & A. ¶ 5337 et seq.). The amended bill further averred that although complainants and the others had obtained licenses from the State to conduct employment agencies in Chicago, the City of Chicago had refused complainants the right to continue such businesses unless they procured a further license from the city in accordance with the ordinance; that the city, through its police officers, demanded that licenses be taken out under the ordinance and the fees paid, and threatened that unless this was done they would arrest complainants and close up their places of business.

Complainants contend that the ordinance is void, because (1) the power to pass such an ordinance was

not delegated to the municipality, and (2) because
the subject-matter of the ordinance is fully covered
by the act of the legislature, and because the ordinance
is in conflict with the Constitution of the United States
and of this State. This question of constitutionality,
of course, is not before us for the reason that we have
no jurisdiction to pass on such a point, and the ques-
tion has been waived by defendants bringing their case
to this court. *Armour & Co. v. Industrial Board,*
275 Ill. 328; *McDonald v. City of Spring Valley,* 285
Ill. 52.

Defendants contend that the order appealed from
is wrong and should be reversed for the reason that
a court of chancery has no jurisdiction over the sub-
ject-matter; that a common-law court is the proper
forum in which to have the validity of an ordinance
adjudicated. In support of this defendant cites the
cases of *City of Chicago v. Chicago City Ry. Co.,*
222 Ill. 560 and *Kearney v. City of Canton,* 273 Ill.
507. The reason given for the contention that the
instant suit will lie and that a court of chancery has
jurisdiction to declare the ordinance void is that such
determination will prevent a multiplicity of suits.
There are 348 private employment agencies conducted
in the City of Chicago and it appears that all of
them are affected alike by the ordinance in question.
It further appears that if the city officials are not
enjoined, they will close up all of these agencies and
that their business is of such a character that if this
is done it will be substantially destroyed. In these
circumstances we think a court of chancery, to avoid
a multiplicity of suits, has jurisdiction to settle the
controversy at one hearing. *City of Chicago v.
Collins,* 175 Ill. 445; *Wilkie v. City of Chicago,* 188
Ill. 444; *Spiegler v. City of Chicago,* 216 Ill. 114.

In *City of Chicago v. Chicago City Ry. Co.,* 222 Ill.
560, it was held that a court of chancery had no juris-
diction to enjoin the enforcement of an ordinance

passed by the City Council of Chicago to prevent the overcrowding of street cars. In that case there were but two complainants and the dispute was between them and the city. The court there distinguished that case from the *Collins, Wilkie* and *Spiegler* cases.

The *Kearney* case was an appeal from a decree enjoining the enforcement of an ordinance on the ground that it was void. The court there held that the demurrer to the bill should have been sustained. It is there said (p. 516) : "No one could be injuriously affected by the ordinance except parties engaged in doing the thing it forbids. If no one does or has done any of the things prohibited, no one will be injured. * * * So far as appears from the bill, at the time the suit was begun none of the complainants were engaged in any business or doing any acts in violation of the ordinance. It is not alleged that any of the complainants have violated the ordinance and that suits against them for such violations have been instituted or threatened for such violations. * * * Under no circumstances will a court of equity entertain a bill to enjoin the enforcement of an alleged void ordinance on the ground, alone, that it is void, but those seeking to restrain its enforcement must allege facts showing their interests are affected by it. No case, so far as we are informed, has ever gone so far as to sustain a bill to determine in advance the validity of an ordinance at the instance of parties who desire to engage in a business or perform acts forbidden by the ordinance." The court there also distinguished the *Collins, Wilkie* and *Spiegler* cases.

The *Collins* case was a bill filed by 373 complainants suing on behalf of themselves and between 200,000 and 300,000 others similarly situated, to enjoin the enforcement of an ordinance requiring an annual license fee. It was held that to prevent a multiplicity of suits equity had jurisdiction.

In the *Wilkie* case, 78 complainants filed a bill on

behalf of themselves and about 900 others from whom the city, under an ordinance, was exacting a license fee for pursuing their occupation to enjoin the enforcement of the ordinance. The court held the ordinance void, and that to prevent a multiplicity of suits a court of chancery would interfere.

In the *Spiegler* case it was held that a court of equity might interfere where there were 114 complainants suing on behalf of themselves and 3,000 or 4,000 other persons engaged in the same business, to enjoin the enforcement of an ordinance regulating their business, the ordinance being void.

The law as announced in these three cases was sufficient authority to warrant the court in the instant case in assuming jurisdiction. But it is contended on behalf of defendants that even if a court of chancery had jurisdiction of the subject-matter, the order appealed from was wrong for the reason that the ordinance is valid. In this connection it is claimed that the City Council is authorized to pass ordinances for the "promotion of health or the suppression of disease" [paragraph 78, sec. 62, ch. 24, Rev. St., J. & A. ¶ 1334(78)] and that the ordinance in question provides for an inspection of the premises wherein it is proposed to conduct the agency to see that the place, from a sanitary point of view, is suitable. It is further argued that the ordinance is valid for the reason that the city has the right to investigate the character of persons about to engage in the employment agency business to see that the public is protected against dishonest persons; that the ordinance provides for such investigation, and that the agencies authorized shall keep books, records, etc., open for inspection by the city authorities, and that the license fee which ranges from $5 to $75 per annum is merely to cover the expense of such investigation and supervision.

We think none of these contentions is sustained by

the record. For it must be borne in mind that several years before the passage of the ordinance the State legislature passed a comprehensive act covering this same subject-matter. The act, among other things, required any person or company desiring to conduct a private employment agency to make application to the State authorities giving the city, street and number of the place where it was proposed to carry on the business and requiring bond of them. It also provides that such persons shall keep registers showing the business done by them open for inspection by the State authorities, who are provided for by the act. We think the act covers all the matters mentioned in the ordinance and that it is clear that the requirements of the ordinance are unnecessary. Since the ordinance conflicts with the State law, it, of course, is void and must give way. Inasmuch as the State act provides that persons complying with it might be granted a license to conduct a private employment agency upon payment of the fee prescribed in the act, the City Council could not pass an ordinance covering the same subject-matter and requiring the payment of an additional fee. *Wilkie v. City of Chicago, supra.*

It might also be said that although the amended bill set up that the ordinance was void for the reason that it conflicted with the act of the legislature covering the same subject-matter, counsel for the city have not pointed out or attempted to point out that the act does not cover the same subject-matter as that covered by the ordinance. In fact, they make no reference to the State law at all. Furthermore, the State has not delegated authority to municipalities to regulate private employment agencies and, of course, in the absence of such delegation no such authority exists, for it has been repeatedly held that a city or village has no inherent power to legislate on any matter unless the power is expressly delegated by the

legislature or unless it is necessarily implied from those powers expressly granted. *City of Chicago v. M. & M. Hotel Co.*, 248 Ill. 264; *City of Chicago v. O'Brien*, 268 Ill. 228; *Village of Westville v. Rainwater*, 294 Ill. 409.

It follows that from what we have said the ordinance was void and that the order of the superior court of Cook county was proper. It will, therefore, be affirmed.

*Order affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.