## City of Chicago, Appellee, v. Roy Thomas, Appellant.
## Gen. No. 27,326.

MUNICIPAL COURTS—*invalidity of ordinance in contravention of statute.* An ordinance prohibiting the carrying of concealed weapons and imposing a fine of $200 for each violation is in contravention of the Act of 1919, revising the law in relation to deadly weapons, which makes unlawful the carrying of concealed weapons without a written license therefor, and fixing the punishment for violation at a fine of not less than $100 or imprisonment, or both fine and imprisonment, and a conviction under such ordinance cannot be sustained.

Appeal by defendant from the Municipal Court of Chicago; the Hon. WILLIAM R. FETZER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed. Opinion filed February 16, 1923.

ELLIS & WESTBROOKS, for appellant; RICHARD E. WESTBROOKS, of counsel.

LOUIS P. PIQUETT and DANIEL WEBSTER, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

A *quasi* criminal complaint was filed in the municipal court of Chicago on March 14, 1921, setting forth that the defendant, Thomas, on March 12, 1921, in the City of Chicago, "did then and there unlawfully carry a concealed weapon upon his person namely a loaded revolver in violation of section 2807 of an ordinance of the City of Chicago."

A jury was waived and the issues involved were presented to the court, as a result of which the defendant was found guilty of violating the ordinance referred to in the complaint, and was fined $200. To reverse that judgment the defendant has perfected this appeal.

In support of the appeal, the defendant raises a number of points, but, in our view of the case, it will be necessary to consider but one of them.

The ordinance which the defendant was charged with violating provides that:

"It shall be unlawful for any person, within the city, to carry or wear under his clothes or concealed about his person, any pistol, revolver, derringer, bowie knife, dirk, knife, razor or dagger, slung shot, metallic knuckles, or other dangerous or deadly weapons of a like character."

Section 2812 of the Chicago Code, as amended in 1914, fixed the penalty to be imposed in cases of violation of the provisions of section 2807 at $200 for each offense.

In 1919 the legislature of this State passed an act to revise the law in relation to deadly weapons. Among other things, that law provides that it shall be unlawful for any person to carry or possess any one of a number of dangerous weapons, or instruments of like character. In a later section, the statute provides that it shall be unlawful for any person "to carry concealed upon his person, any pistol, revolver, or other firearms, without a written license therefor, issued as hereinafter prescribed in this section [Cahill's Ill. St. ch. 38 ¶ 137]." The statute then proceeds to specify how a license to carry a pistol or revolver concealed is to be issued, and as a penalty to be imposed in case one carried a concealed weapon, without a permit, contrary to the provisions of that statute, a provision is included to the effect that anyone convicted of so doing shall be punished by a fine of not less than $100 and not more than $1,000, or by imprisonment in the county jail for a period of not more than one year, or by both such fine and imprisonment.

The defendant contends that the ordinance here involved is invalid and of no effect, because it is in contravention of the provisions of the State law regulating the carrying of concealed weapons, in that it prohibits the carrying of a concealed weapon and provides for a penalty of $200, in case the provisions of the ordinance are violated, whereas the State law per-

mits the carrying of a concealed weapon provided a permit or license is secured therefor and that law provides for a penalty of not less than $100 and not more than $1,000, or imprisonment for a period of not more than a year, or both, in case the provisions of that law are violated. The position of counsel for the city is that the State law, above referred to, is unconstitutional, and it should be so held by this court, and, as a result, that the ordinance should be upheld. The question of the constitutionality of the State law is one which, of course, this court cannot pass upon. Until the Supreme Court holds otherwise, we must consider that law to be valid. The ordinance is clearly in contravention of the provisions of the State law, and we are therefore obliged to hold it invalid. *Clark Teachers' Agency v. City of Chicago,* 220 Ill. App. 319.

The ordinance in question being inoperative and of no effect, for the reason stated no valid charge could be brought upon an alleged violation of that ordinance, and, therefore, the judgment of the municipal court is reversed.

*Reversed.*

TAYLOR and O'CONNOR, JJ., concur.