(No. 18936.—

BEN L. MAMMINA *et al.* Appellants, *vs.* THE ALEXANDER AUTO SERVICE COMPANY *et al.* Appellees.

*Opinion filed December 20, 1928.*

WILLIAM L. HART, (JOSEPH H. BRAUN, T. RUSSELL BAKER, and JOSEPH P. BRODIE, of counsel,) for appellants.

ELMER J. SCHNACKENBERG, (WILLIAM J. CORRIGAN, of counsel,) for appellee the South Park Commissioners; WILLARD C. LINDSAY, for appellee the Alexander Auto Service Company.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, Ben L. and Joseph Mammina, sued out of the municipal court of Chicago a writ of replevin against the appellees, the Alexander Auto Service Company and the South Park Commissioners, for the recovery of a motor truck which they alleged was seized and unlawfully held by appellees, and prayed damages by reason of the loss of use of the truck during the period of such detention. The return to the writ of replevin showed that the property was not turned over to the officer and that it could not be found in the county. Prior to the trial appellees returned the motor truck to appellants by agreement, and the cause was tried before the court without a jury. The court found the property to be in appellants subject to a lien of the South Park Commissioners for the payment of the sum of $246.92 damages to the highway under the jurisdiction of the commissioners, which had been caused by appellants' truck. The court entered a judgment against appellants for that sum, and directed that in default of payment of that amount by them to the South Park Commissioners a writ of *retorno habendo* should issue. The issues were found for the Alexander Auto Service Company, a corporation, in the replevin action, the court also finding that said appellee was not in possession of the truck. It was also held that said appellee has no right to a lien or to possession of the truck. The cause comes directly to this court on appeal, for the reason that the validity of section 11 of the Motor Vehicle act of this State is involved.

There is little controversy as to the facts. The evidence shows that on September 26, 1927, appellants' truck, in

charge of their employee, collided with an automobile at a street intersection in the city of Chicago under the jurisdiction of the South Park Commissioners. The truck was of a capacity of two and a half tons, was loaded, and was drawing two trailers loaded with merchandise. After the collision the truck ran over the curbing and broke off an ornamental light post in the parkway. A police officer of the South Park Commissioners reached the place of the collision shortly after it occurred. At that time the truck was standing over the broken light post while the trailers were extending into the street. The testimony of appellees' witnesses is that the police officer asked the driver of the truck if he could get someone to put up a bond that the post would be paid for, so that he might take the truck away. The driver stated that he was satisfied to leave the truck in the possession of the South Park Commissioners. The driver and the officer went to the office of the Alexander Auto Service Company, and the driver there told one of the members of that firm that he was willing to have the truck put in and held as bond until he could get in touch with his employers, and requested that the truck be gotten off the street. The truck driver did not testify. The evidence also shows it was necessary to get two large trucks to move appellants' truck from over the light post, as it was wedged against a tree and had become imbedded in the wet earth in the parkway; that the parkway was torn up, the curb had been chipped and wires in the base of the broken light post were exposed. The truck was taken by the Auto Service Company, with the assistance of appellants' driver, to the alley in the rear of the company's garage. The driver remained with it until late in the afternoon, when the freight was unloaded and taken away on another truck and appellants' driver left the truck in the alley. Later, one of appellants appeared at the office of the South Park Commissioners and was advised that the driver had turned the truck over to the police as indemnity for the damage done and

was told that the truck would be released if a $200 cash bond was placed with the commissioners; that the commissioners were holding the truck for the damage done to the light post. It also appears in evidence that the truck was not put into the garage of the Auto Service Company but was later put into a vacant building next door neither owned nor rented by said appellee.

The principal question in the case concerns the validity of section 11 of the Motor Vehicle act. (Smith's Stat. 1927, p. 2389.) That section provides as follows: "Any person, firm or corporation who shall violate any of the provisions of sections 3, 4, 5, 6, 7, 9, 10, 23, 24 or 33, shall be subject to a penalty of not less than $10 nor more than $100, for each offense, together with costs of suit and shall also be held liable for the payment of all damages caused to any public highway by such violation. Any vehicle used in violation of any section of this act and thereby causing damage to any public highway shall be subject to a lien for the full amount of all unpaid registration fees, license fees, penalties and damages; provided, however, that such lien shall not release the offender from the full payment of all registration fees, license fees, penalties and damages which may be due from him or be recovered against him in any court of competent jurisdiction; and, provided, also, that such lien shall not be superior to any chattel mortgage or other lien attaching to such vehicle."

Various grounds of invalidity of this section of the act are raised. It was contended in the trial court, and is argued here, that the section is unconstitutional for the reasons, first, that it permits a lien on any vehicle used in violation of the Motor Vehicle act even though it is not driven by the owner thereof or his agent or with his knowledge or consent; second, that it is wanting in due process of law because the act provides no notice of the lien to the owner of the vehicle; third, the subject of the section is not within the scope of the title; and fourth, it is special legislation.

It is also contended that appellees took possession of the truck without authority of law so to do, and that the court should have entered judgment for appellants under their proof of damages, which the evidence showed amounted to $650.

As to the first objection to the validity of this section, appellants' counsel earnestly argue that it is beyond the power of the legislature to render a vehicle subject to a lien for damages resulting from the unlawful operation of such vehicle by any person who may have possession of it without the knowledge or consent of the owner. It is a sufficient answer to this contention to say that it is conceded here that the driver in possession of the truck at the time of the collision and the damage to the light post was the agent of appellants. Therefore, whether the act is valid if applied under circumstances where the owner of the truck had no knowledge of such use of it or where such use was without his consent is not a matter of which appellants can complain. This constitutional objection does not concern appellants. The rule is well settled that the invalidity of a section of the statute may not be invoked by one who is not affected by such invalidity. (*People* v. *James,* 328 Ill. 262; *People* v. *Dickmann,* 285 id. 97.) It is not contended, under this point, that a lien may not be established by statute for the expense of damage to the highway committed by the use of a vehicle by its owner or agent. No further consideration of that objection is therefore necessary in this case.

It is urged that the act is lacking in due process, in that it does not provide notice and an opportunity to be heard to the owner of the vehicle so used, in violation of the Motor Vehicle act. It will be observed that section 11 of the act does not purport to foreclose a lien or to sell the vehicle to pay for the damage done to the highway. The act provides for the existence of a lien on the vehicle so used and

does not provide means of enforcement. It is the rule in this State in cases of liens created by statute, where the act makes no provision for the enforcement thereof, that such liens are to be enforced in a court of equity. (*Standidge v. Chicago Railways Co.* 254 Ill. 524; *West Chicago Park Comrs. v. Western Granite Co.* 200 id. 527; *Knapp, Stout & Co. v. McCaffrey,* 178 id. 107; *Cairo and Vincennes Railroad Co. v. Fackney,* 78 id. 116.) The finding of the trial court in this case was that under their lien the South Park Commissioners rightfully held the truck for the amount of damage done to the light post, and directed that if such damage was not paid a writ of *retorno habendo* should issue. This was not a foreclosure of the lien but was only for the return of the truck to the lienholder in case of failure to pay for the damage done. The action was replevin, and the right to possession of the property was put in issue by that action. A foreclosure of the lien created by section 11 of the Motor Vehicle act would, under the rule in this State, necessarily be by a bill in equity, of which appellants would have notice. Appellants cite as authority on this point *People v. Marquis,* 291 Ill. 121. That case arose under the Search and Seizure act, which provided for seizure, confiscation and destruction of a vehicle used for the illegal transportation of liquor. The act did not provide for notice to the owner of the vehicle with opportunity to him to be heard, and this court held the act was therefore wanting in due process of law. The distinction between that act and the one here considered is clear. It cannot be held that the property of appellants is by the act made subject to confiscation, destruction or sale without due process of law. (*People v. Arnold Bros.* 282 Ill. 305.) Appellants' second point cannot be sustained.

Appellants' counsel argue that section 11 of the Motor Vehicle act does not give to the lienholder, if such lien exists, the right to possession of the property. That question,

however, is not in this case, since the evidence shows that the agent of appellants voluntarily turned the truck over to appellees, and it therefore came into the possession of the South Park Commissioners without any unlawful act on their part. It cannot be doubted that having thus obtained the possession of the truck they had a right to hold it for their lien. It is shown by the Auto Service Company that it is making no claim for storage of the truck, and that, as a matter of fact, the truck had never been in its garage, as it was too large to get into its building but had been towed into a building next door which was not owned or occupied by the company.

It is also contended, as the third objection to the validity of section 11 of the Motor Vehicle act, that it contravenes section 13 of article 4 of the constitution, in that the lien on motor vehicles is not expressed in the title of the act. The title of the act under consideration is, "An act in relation to motor vehicles and to repeal an act therein named." In *People* v. *Sargent,* 254 Ill. 514, the validity of the Motor Vehicle act of 1911 was attacked on this ground. The title of the 1911 act was there held to be more comprehensive than the law required; that the act related to one general subject and that the subject was expresssed with more than necessary particularity in the title. The "subject" of an act, as that term is used in the constitution, signifies the matter or thing forming the groundwork of the enactment. The act may contain many provisions which grow out of the subject which are germane to it, and which, if traced back, would lead the mind to it as the generic head. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane to and may be properly included in the act. (*People* v. *Kramer,* 328 Ill. 512; *O'Leary* v. *County of Cook,* 28 id. 534; *People* v. *Sargent, supra.*) The subject of an act may be expressed in the title in different ways. One method uniformly recognized as sufficient is to express the subject

of the act in a brief general form, as, "An act to revise the law in relation to criminal jurisprudence." Under that act more than five hundred sections have been enacted defining the various crimes treated by statute, the proceedings in relation thereto and the punishment therefor. The Revenue act is entitled, "An act for the assessment of property and for the levy and collection of taxes," and many divers provisions are contained thereunder. In considering the provision for a lien for damages by a motor vehicle to a highway the mind naturally is led back to the generic head, which is the law in relation to motor vehicles. The act is not subject to the objection urged.

The fourth point is that section 11 of the Motor Vehicle act contravenes section 22 of article 4 of the constitution, which prohibits the enactment of any law granting to a corporation, association or individual any special or exclusive privilege or immunity, and the argument is that section 11 gives to the South Park Commissioners a special privilege by affording them a lien while denying it to others similarly situated. The South Park District was created by a special act entitled, "An act to provide for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake." The property held by it is by section 4 of that act to be managed and controlled by the commissioners as a public park for the benefit of the public. The lien granted under section 11 of the Motor Vehicle act is one which runs not only to the South Park Commissioners, but to any municipality having control of a highway to which such damage is done. It applies to all municipalities similarly situated, and therefore cannot be considered special legislation, in contravention of section 22 of article 4 of the constitution. *Erford* v. *City of Peoria,* 229 Ill. 546.

It is also contended that the term "highway," as used in section 11 of the Motor Vehicle act, does not include a light post inside the curb, on the parkway. It is not disputed

that the ornamental light post here involved was constructed and is maintained by the South Park Commissioners. The term "public highway" includes public ways of every description which the public have a right to use for travel. In *Baker* v. *Town of Normal,* 81 Ill. 108, the question arose whether certain trees which had been planted along the front of private property between the sidewalk and the driveway of the street were under the control of the village. It was held that while the village might permit the planting of trees by the owner of private property as these were planted, yet such trees were nevertheless under the control of the village though not on the traveled portion of the highway. To the same effect is *City of Mt. Carmel* v. *Shaw,* 155 Ill. 37. In *Robbins* v. *Hartford City Gas Light Co.* 82 Conn. 394, 74 Atl. 113, the gas company held a franchise to lay gas mains and pipes in the streets, highways and public grounds of the city of Wethersfield. The franchise ordinance provided that said streets, highways and public grounds shall not be injured. In laying the mains certain shade trees along the street were damaged. Suit was brought against the gas company and a judgment against it was sustained. In *Mobile and Ohio Railroad Co.* v. *Davis,* 130 Ill. 146, it was held that the term "public highway" is generic, including all public ways, and means a public road which any person has a right to use for passage in traffic. The term includes streets in cities, foot-ways, sidewalks, alleys, turnpikes, plank roads and bridges. A public highway is a passageway, road or street which every citizen has a right to use. The fundamental idea of a highway is that it is a place for uninterrupted passage by men, animals or vehicles. (*Eels* v. *American Telegraph Co.* 143 N. Y. 133.) The damage in this case occurred on the parkway between the traveled street and the sidewalk. The light post, as we have seen, was erected by the park commissioners and was under their jurisdiction. The illumination afforded by it was for the purpose of rendering the use of

the street by the public more convenient. It is properly a part of the highway, and this contention of appellants can not be sustained.

It is also objected that the judgment in this case is not supported by the evidence. The abstract shows that counsel for the South Park Commissioners stated in court that their bill for $246.92 had not been paid and that he thought that counsel for appellants would admit that such was true. The court stated that it was stipulated and agreed that the cost of the repairs and of replacing the broken light post was $246.92 and that the amount had not been paid. The record contains no such stipulation. Counsel for appellants admitted that they had paid no damages but did not concede that the statement of $246.92 was correct and stated that he did not so agree. The trial court, however, appears to have been of the view that the amount of the cost of this post was conceded. Counsel for appellants objected to proof as to damages. No attempt was made to make such proof. Nothing appears in the record other than the statement of the court and that of counsel that the bill for $246.92 had not been paid. Statements of the court as to a stipulation which are not borne out by the record are not evidence, and are not aided by the statement to the same effect by counsel seeking to establish damages. Such statements cannot take the place of evidence. It is therefore necessary to reverse the judgment and remand the cause for a new trial as to the damages to the South Park Commissioners. The finding of the court for the Auto Service Company is justified by the record, but as this is a judgment at law it is inseparable and cannot be reversed in part and affirmed in part.

The judgment is therefore reversed and the cause remanded for a re-trial. *Reversed and remanded.*