(No. 19582.—▮▮▮▮▮▮▮▮▮)

THE CITY OF CHICAGO, Appellant, *vs.* J. FOLEY, Appellee.

*Opinion filed June 19, 1929—Rehearing denied October 5, 1929.*

SAMUEL A. ETTELSON, Corporation Counsel, (MARTIN H. FOSS, WARNER WALL, and GEORGE SUGARMAN, of counsel,) for appellant.

CROWE, GORMAN & SAVAGE, (BURRELL J. CRAMER, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, the city of Chicago, instituted in the municipal court of Chicago a *quasi* criminal prosecution against appellee, J. Foley, for a violation of section 59 of the city's vehicular ordinance of May 16, 1927. The complaint charged that appellee on the 20th day of June, 1928, on public streets in the city of Chicago, operated a self-propelled four-wheeled freight-carrying vehicle, the gross weight of the vehicle and load thereof being in excess of the amount authorized by section 59 of the city ordinance. The case was tried before the court and a jury. At the conclusion of appellant's case, upon motion of appellee, the trial court directed the jury to return, and it did return, a verdict finding appellee not guilty. Judgment was rendered upon the verdict. From this judgment appellant has appealed to this court, the trial judge having certified that the case involved the validity of an ordinance and that public interest required that the appeal be taken directly to this court for review.

The evidence tends to prove that appellee, at the time and place charged in the complaint, operated a self-propelled four-wheeled freight-carrying motor vehicle having a gross weight, including the weight of the vehicle and its load, of 32,000 pounds, or 2000 pounds in excess of the maximum gross weight permitted by the ordinance. The trial court held that the ordinance in question was void and for that reason directed the jury to find the defendant not guilty.

So much of section 59 of the ordinance as is pertinent to this case is as follows:

"Sec. 59. *Weights of freight-carrying vehicles*—The maximum gross weight permitted on the road surface through any two wheels on the same axle of any freight-carrying motor vehicle shall not exceed 24,000 pounds, nor shall it exceed 1000 pounds per inch of width of tire upon such wheels in actual contact with the surface of the road: *Provided, further,* that the gross weight, including the weight of the vehicle and load thereof, of any self-propelled freight-carrying motor vehicle shall not exceed 30,-000 pounds; and the gross weight of any trailer, including the weight of the vehicle and load thereof, shall not exceed 32,000 pounds; and the gross weight of any semi-trailer, together with self-propelled tractor vehicle thereunto attached, including the weight of the vehicles and load thereof, shall not exceed 45,000 pounds."

On March 16, 1927, when the ordinance in question was enacted, section 3 of the Motor Vehicle act of 1925 (Cahill's Stat. 1925, p. 1646,) was as follows:

"Sec. 3. (1) The maximum gross weight to be permitted on the road surface through any two wheels on the same axle of any vehicle shall not exceed 16,000 pounds, nor shall it exceed 800 pounds per inch of width of tire upon such wheels: *Provided, further,* that the gross weight, including the weight of the vehicle and maximum load of any self-propelled vehicle shall not exceed 24,000 pounds; and the gross weight, including the weight of the vehicle and maximum load, of any trailer or semi-trailer vehicle pulled or towed by a motor vehicle shall not exceed 32,000 pounds.

"(2) Weight limits 50 per cent above those provided for herein may be permitted by ordinance in cities having a population of more than 20,000, but such increase shall not apply to vehicles when outside the limits of such a city."

Thereafter, on July 1, 1927, section 3 of the Motor Vehicle act (Smith's Stat. 1927, p. 2386,) was amended to read as follows:

"Sec. 3. (1) The maximum gross weight to be permitted on the road surface through any axle of any vehicle shall not exceed 16,000 pounds, nor shall it exceed 800 pounds per inch of width of tire upon any one wheel: *Provided, further,* that the gross weight, including the weight of the vehicle and maximum load of any self-propelled four-wheel vehicle shall not exceed 24,000 pounds. The gross weight, including the weight of the vehicle and the maximum load, of any self-propelled six or more wheel vehicle shall not exceed 40,000 pounds, nor shall any two axles lie in the same vertical plane, nor shall the axle spacing be less than forty inches from center to center: *Provided,* that the axle arrangement shall be such that the proportion of the gross load carried on any axle shall remain constant; and the gross weight, including the weight of the vehicle and maximum load, of any trailer or semi-trailer vehicle pulled or towed by a motor vehicle shall not exceed 32,000 pounds.

"(2) Weight limits 50 per cent above those provided for herein may be permitted by ordinance in cities having a population of more than 20,000, but such increase shall not apply to vehicles when outside the limits of such a city, nor shall the gross weight of any vehicle operating over any street or highway of this State exceed forty thousand (40,000) pounds."

It is contended by appellee that the first paragraph of section 59 of the ordinance is void for the reason that it is inconsistent with section 3 of the Motor Vehicle act of 1927, and that it is unreasonable and discriminatory, and therefore void.

On May 16, 1927, when the ordinance in question was enacted, the city had the unquestioned power to pass an ordinance regulating the gross weight of any vehicle and the maximum load of any self-propelled vehicle permitted on the road surface of the city's streets. The validity of

the ordinance when passed, and from that time until July 1, 1927, is not questioned. During that time it was a valid enactment, not only as to four-wheeled vehicles but as to six-wheeled vehicles. Its language has remained unchanged, and it now purports to cover the weights and loads not only of four-wheeled vehicles but of six-wheeled vehicles. The power of the city to regulate the use of the streets by the passage of the ordinance was not conferred upon it by section 3 of the law of 1925 or by section 3 of the law of 1927 but had existed long prior thereto. (Cities and Villages act, art. 5, sec. 1, clause 96; *City of Lincoln* v. *Gerard,* 329 Ill. 501; *Gartside* v. *City of East St. Louis,* 43 id. 47.) Sections 3 of these acts are not grants of power but each of them is a limitation or curtailment of a pre-existing power. Neither the act of 1925 nor the act of 1927 fixed or purported to fix the minimum weight which a city might by ordinance prescribe as the maximum weight for four or six-wheeled vehicles and their loads. They only fixed maximum weights, beyond which the city could not permit. Both by the laws of 1925 and of 1927 the maximum gross weight which appellee was permitted to carry on his four-wheeled truck, including the weight of the vehicle and load, was 30,000 pounds. The weight of his truck and load was 32,000 pounds. He was guilty of violating an ordinance which the city had a right to pass and which as to him and his case was not in any way inconsistent with the provisions of the act of 1927. When passed, no construction could be placed on the ordinance other than that it covered six-wheeled vehicles.

We are not called upon in this case to determine whether or not as to six-wheeled vehicles the ordinance is in conflict with the provision of the 1927 law or whether or not the use of a six-wheeled vehicle carrying a load, including the weight of the vehicle, of over 30,000 pounds could be now punished as a violation of the ordinance, for the reason that neither the law of 1925 nor of 1927 prescribed

the minimum weight which the city could fix. The act of 1925 was not repealed by the act of 1927 but was amended. Where the legislature enacts an amendatory statute, providing that a certain act or section of an act shall be amended so as to read as the same is repeated in the amendatory act, such portions of the old law as are retained, either literally or substantially, are regarded as a continuation of the old law and not as a new enactment. (Smith's Stat. 1927, chap. 131, sec. 2.) If upon an examination it is found that the particular provisions of the old statute upon which a cause of action is predicated are continued, in substance, in the new act, then, under the rules applicable to repeals by revision, such portions of the old law have not been repealed, and any rights accrued thereunder will not be disturbed by the subsequent passage of the revisionary act. (*Merlo* v. *Coal and Mining Co.* 258 Ill. 328.) Appellee's contention is, that while the ordinance, when passed, was valid as to a six-wheeler, after the passage of the law of 1927 it became invalid as to such six-wheeler. Whether it did or not is a matter of construction, upon which we express no opinion. Appellee, however, is not in a position to raise the question that the ordinance is invalid as to six-wheelers, for the reason that he is not charged with violating the ordinance by the use of a six-wheeler but by the use of a four-wheeler. *Mammina* v. *Alexander Auto Service Co.* 333 Ill. 158; *People* v. *James,* 328 id. 262; *Roe* v. *City of Jacksonville,* 319 id. 215.

We are of the opinion that the court erred in holding the ordinance invalid as to appellee and instructing the jury to find the issues in his favor.

The judgment of the municipal court is reversed and the cause remanded.                    *Reversed and remanded.*