(No. 37778.—

THE VILLAGE OF PARK FOREST, Appellant, *vs.* WILLIAM WOJCIECHOWSKI, Appellee.

*Opinion filed November 26, 1963.*

RICHARD W. HALL and HENRY X. DIETCH, of Park Forest, for appellant.

HARRY F. LOCKE, of Park Forest, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal comes to us upon the certification of the trial judge that the validity of an ordinance of the Village of Park Forest is involved and that the public interest requires a direct appeal to this court. Ill. Rev. Stat. 1961, chap. 110, par. 75 (1) (c).

On September 2, 1962, a complaint filed in a justice of the peace court charged the defendant William Wojciechowski, with having violated sections of the village's traffic code relating to reckless driving and driving while under the influence of alcohol. Under a general provision of the code, each offense, as were other violations, was punishable by a fine of not less than $1 nor more than $200. Subsequently, but before the charges were heard, both the reckless driving and drunken driving provisions of the code were changed, the "amendatory ordinance" reciting in each case that the old section was "deleted" and the new provision "substituted therefor." In substance, although by different wording, the amendments re-enacted the provisions of the former sec-

tions. However, there was added to the drunken driving section a paragraph permitting presumptions of either intoxication or non-intoxication to be drawn from evidence relating to the alcoholic content of an accused person's blood, and a paragraph which specifically fixed and increased the punishment for a violation of this section. At all times pertinent in this proceeding it has been conceded by the village that the penalty provision of the latter amendatory ordinance is invalid inasmuch as the punishment provided is in excess of that authorized by statute for the violation of a municipal ordinance, (See: Ill. Rev. Stat. 1961, chap. 24, par. 1—2—1; *City of Chicago* v. *Thomas,* 228 Ill. App. 65; McQuillin on Municipal Corporations, 3rd ed., vol. 6, sec. 20.66, p. 161,) and it is agreed by all that the former general penalty provision of the code remains in effect. See *Rippinger* v. *Niederst,* 317 Ill. 264, 272.

When the cause came on for hearing, the justice of the peace dismissed the complaint on defendant's motion, whereupon the village prosecuted an appeal to the criminal court of Cook County. The latter court, proceeding *de novo,* likewise dismissed the complaint, the record indicating its ruling to have been that the subsequent amendatory ordinances had repealed the sections under which the charges against defendant had been brought, and that in the absence of a saving clause the charges pending against defendant had become nullities. This further appeal by the village has ensued and presents the basic question of whether the sections under which defendant was charged were merely amended and continued in effect, as the village contends, or whether they were repealed and annulled as the trial court found.

Numerous decisions of this court have established the principle that in construing ordinances the same rules are applied as those which govern the construction of statutes, (*Reitman* v. *Village of River Forest,* 9 Ill.2d 448; *Dean Milk Co.* v. *City of Chicago,* 385 Ill. 565,) and when this is done in the instant case it emerges clearly that the sections

of the traffic code involved were not repealed, but only amended and continued. It is the general rule that an amendatory ordinance does not purport to repeal an ordinance as it previously existed but that it merely changes or alters the original ordinance, or some of its provisions, to read as stated in the amendment, with the original ordinance continuing to operate in its changed form. (*City of Chicago* v. *American Tile and Gravel Roofing Co.* 282 Ill. 537; *People* v. *Zito,* 237 Ill. 434; *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244.) Thus, where an amendatory ordinance is enacted which re-enacts some of the provisions of the former ordinance, such portions of the old ordinance as are repeated or retained, either literally or substantially, are to be regarded as a continuation of the old ordinance and not as the enactment of a new ordinance on the subject or as the repeal of the former ordinance. (*City of Metropolis v. Gibbons,* 334 Ill. 431, 437; *City of Chicago* v. *Foley,* 335 Ill. 584, 589; *Great Northern Railway Co.* v. *United States,* (8th cir.) 155 F. 945, 948; 8 I.L.P., Cities, Villages etc., sec. 162; 34 I.L.P., Statutes, sec. 162; 50 Am. Jur., Statutes, sec. 468.) "The portions of the amended section which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. The change takes place prospectively according to the general rule." Sutherland on Statutory Construction, 2d ed., vol. 1, sec. 237.

And where portions of an ordinance or statute are repeated and retained in the amendatory enactment, or when there is a simultaneous repeal and re-enactment, such an amendatory ordinance or statute will not affect rights, duties or liabilities accrued under the former portions of the ordinance which have been re-enacted. As Sutherland puts it: "Offices are not lost, corporate existence is not ended, inchoate statutory rights are not defeated, a statu-

tory power is not taken away, nor pending proceedings or criminal charges affected by such repeal and re-enactment of the law on which they respectively depend." (Sutherland on Statutory Construction, 2d ed., vol. 1, sec. 238.) See also: *City of Chicago* v. *Foley,* 335 Ill. 584; *Curran* v. *Chicago and Western Indiana Railroad Co.,* 213 Ill. App. 7, reversed on other grounds 289 Ill. 111; *Sage* v. *State,* 127 Ind. 15, 26 N.E. 667; *Holden* v. *Minnesota,* 137 U.S. 483, 34 L. ed. 734.

In the present case the amendatory ordinances re-enacted and repeated almost verbatim the provisions of the original ordinance which defined the offenses of reckless driving and drunken driving. Regardless of what interpretation is put upon the use of the terms "deleted" and "substituted therefor," under the normal rules of construction the pertinent provisions of the original ordinance were continued in force without interruption and there was no need for a saving clause to preserve the validity of the charges pending against defendant.

The case of *County of DuPage* v. *Molitor,* 26 Ill. App. 2d 232, which the trial court relied upon to reach a contrary result is distinguishable on its facts. There the provisions of a 1935 zoning ordinance which made the defendant's use of his property unlawful were not re-enacted or repeated in an amendatory ordinance enacted while charges against the defendant were pending. Furthermore, the amendatory ordinance expressly reflected a legislative intent to completely revise and substitute for the entire prior zoning ordinance, thus manifesting an intent to entirely repeal the original ordinance. (See: *Culver* v. *Third Nat. Bank of Chicago,* 64 Ill. 528, 534; *People* v. *Moore,* 324 Ill. App. 109, 114.) Here, by way of contrast, but two provisions of the entire traffic code were amended and there was no manifestation of an intent to entirely revise and repeal the original ordinance. We would also add that it would produce an absurd result to say that the village intended

there would be an interval when the offenses were not punishable. Particularly is this true in light of the public policy expressed in section 4 of the act relating to the construction of statutes which ordains that the repeal of a law does not affect prosecutions for offenses previously committed. Ill. Rev. Stat. 1961, chap. 131, par. 4.

The result we reach makes it unnecessary to consider the further contentions advanced by the village. Accordingly, the judgment of the criminal court of Cook County is reversed and the cause is remanded to that court with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*